■ ISABEL HOWLAND et al., Infants, by ANGEL HOWLAND, their Guardian ad Litem, et al., Respondents, v. JOHN GIORGETTI, Appellant.— In an action against a New Jersey resident to recover damages for personal injuries sustained in an automobile accident which occurred in this State, the defendant, appearing specially, appeals from an order of the Supreme Court, Queens County, dated May 20, 1960, denying his motion to vacate the service of the summons and complaint upon him. Plaintiffs served the summons and complaint on defendant pursuant to statute (Vehicle and Traffic Law, § 253, formerly § 52). Defendant's motion to vacate was made on the ground that such service failed

to comply with the statutory provisions. Order reversed, without costs and motion granted. It appears that on June 5, 1959, three days before the expiration of the Statute of Limitations, plaintiffs, pursuant to the statute, had served a copy of the summons and complaint upon the Secretary of State; that on the same date plaintiffs, by registered mail return receipt requested, forthwith sent copies to the defendant at Cliffside Park, New Jersey; that the copies thus mailed to the defendant were later returned because defendant had moved; that on November 16, 1959, the Special Term made an order granting defendant's prior motion to vacate such service of the summons and complaint, and setting aside such service; that no appeal was taken from said order; and that thereafter, on February 2, 1960, when plaintiffs learned of the defendant's current address in Franklin Lakes, New Jersey, the plaintiffs, by registered mail return receipt requested, again mailed to him a copy of the summons and complaint. The order presently appealed from, made May 20, 1960, denied defendant's motion to vacate such last service. In our opinion, under the circumstances here, the motion must be granted. Under the statute (Vehicle and Traffic Law, § 253, formerly § 52), in order to legally consummate the service of process upon a nonresident involved in this State in a motor vehicle accident, the service by registered mail (return receipt requested) of a copy of the summons and complaint must be made upon him "forthwith" after service of a copy of the summons upon the Secretary of State. If it be assumed that despite the prior order of November 16, 1959, the original service upon the Secretary of State on June 5, 1959 still remains good and outstanding, nevertheless plaintiffs' subsequent mailing to the defendant some seven months later, on February 2, 1960, can in no event be construed to be a mailing "forthwith" as required by the statute. Hence, such late mailing to the defendant cannot now be utilized or "tacked on" so as to consummate the original service made upon the Secretary of State. Beldock, Ughetta, Christ and Brennan, JJ., concur; Nolan, P. J., concurs in result. [26 Misc 2d 77.]