■ GERALD McCOON, as Father of STEPHEN McCOON, an Infant, Respondent, v. HAROLD E. SCHOCH, Appellant.  STEPHEN McCOON, an Infant, by GERALD McCOON, His Father and Natural Guardian, Respondent, v. HAROLD E. SCHOCH, Appellant.— Order unanimously reversed, without costs, and motion granted.  Memorandum: In attempted compliance with section 253 of the Vehicle and Traffic Law plaintiffs mailed summonses to the Secretary of State on May 3, 1967, in actions against the nonresident defendant to recover damages for injuries sustained by the infant plaintiff in a collision between his bicycle and defendant's automobile on May 6, 1964.  They also mailed copies of the summonses to defendant which were received by him on May 8, 1967.  Section 253 of the Vehicle and Traffic Law provides that service on the Secretary of State " shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by * * * the plaintiff to the defendant by registered mail ".  Plaintiffs failed to comply with this proviso in two respects.  They did not give defendant notice of service of the summonses on the Secretary of State and they did not send a copy of the complaint to him.  Jurisdiction of defendant could only be obtained by compliance with the proviso.  The Legislature has power to prescribe the ways in which jurisdiction may be acquired by the service of process and service is ineffective if the statutory requirements are not met.  (3 Carmody-Wait 2d, New York Practice, § 24:1; Howland v. Giorgetti, 12 A D 2d 953; Dusminski v. Landenheim, 43 F. Supp. 139.)  The court did not acquire jurisdiction of defendant.  (Appeal from order of Onondaga Trial Term, denying motion to dismiss summonses.)  Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.