■    Marion Metcalf et al., Respondents, v. Clark G. Cowburn, Appellant.— Order unanimously reversed, with costs, and motion granted. Memorandum: Defendant appeals from an order of Supreme Court at Special Term denying his motion to vacate the purported service of a summons. Plaintiffs were passengers in an automobile owned and operated by defendant, a resident of Pennsylvania, when it was involved in a one-car accident in this State on November 16, 1968. They caused a summons and notice to be served personally upon the Secretary of State pursuant to section 253 of the Vehicle and Traffic Law on November 15, 1971, one day before the Statute of Limitation was to run upon their negligence cause of action against the defendant. On November 26, 1971 plaintiffs mailed to defendant a summons and notice, return receipt requested. The notice provided that "pursuant to the foregoing summons, upon your default, judgment will be taken against you for the sum of $150,000., with interest from the 16th day of November 1968, together with the costs and disbursements of this action." There was no mention of the nature of the action, but from the date mentioned it is probable that the defendant could surmise the basis of the action. On December 24, 1971 defendant made an appearance and moved, pursuant to CPLR 3211 (subd. [a], par. 9; subd. [e]) for an order vacating the summons upon the grounds that the complaint was not served upon him and that plaintiffs did not comply with other provisions of section 253 of the Vehicle and Traffic Law. The motion was argued on February 14, 1972; and two days later plaintiffs mailed to defendant's attorney a copy of the summons and complaint and a notice of its service upon the Secretary of State. In denying the motion Special Term ruled that the service of the summons upon the Secretary of State effected jurisdiction over defendant and that the failures of plaintiffs to serve upon defendant "forthwith" a notice of the service upon the Secretary of State and a copy of the summons and complaint as provided in section 253 of the Vehicle and Traffic Law were not jurisdictional defects and could be and were later remedied. We have held to the contrary and must reverse the order and vacate the service. While service upon the Secretary of State will stop the running of the Statute of Limitations, although the other acts of service and filing are done pursuant to section 253 of the Vehicle and Traffic Law after the statutory period for the cause of action has expired (*Johnson* v. *Bunnell*, 8 A D 2d 832), there must be substantial compliance with section 253 to make the service valid. Here the plaintiffs mailed to the defendant only the summons and notice, but not the complaint as required by the statute. The "Notice" attached to the summons did not describe the cause of action in any degree and so its service cannot be found to constitute substantial compliance with the statute (cf. *Lederman* v. *McLean Trucking Co.*, 41 A D 2d 5, 10–11). The subsequent mailing of the summons and complaint by plaintiffs to defendant's attorney was not a compliance with the statute and is not a proper method of securing original jurisdiction. In addition, plaintiffs failed to mail to the defendant notice of service of the summons upon the Secretary of State as is also required by subdivision 2 of section 253 of the Vehicle and Traffic Law. We have held that such failures render the attempted service a nullity (*Ranieri* v. *Wilson*, 34 A D 2d 1084; *McCoon* v. *Schoch*, 30 A D 2d 768). Moreover,

the late mailing in February, 1972 did not constitute service "forthwith" as required by the statute (*Howland* v. *Giorgetti,* 12 A D 2d 953). For these several reasons, the service was not effectuated. (Appeal from order of Steuben Supreme Court, denying motion to vacate service of summons.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.