■ JOSEPH PISARIK et al., Respondents, v GEORGE A. MCCORMACK, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County, dated June 7, 1979, as denied his motion to dismiss the action pursuant to either section 253 of the Vehicle and Traffic Law or CPLR 3215 (subd [c]). Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and defendant's motion to dismiss is granted. Plaintiffs' failure to comply with the requirements of section 253 of the Vehicle and Traffic Law was fatally defective to their action (see *Lederman v McLean Trucking Co.,* 41 AD2d 5; *Howland v Giorgetti,* 12 AD2d 953; *Metcalf v Cowburn,* 44 AD2d 650). Furthermore, in the absence of any acceptable excuse for the inordinate delay present, it was also an abuse of discretion to refuse to dismiss the action pursuant to CPLR 3215 (subd [c]). Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.

■ TURNER PRESS, INC., Respondent, v MYRON I. GOULD, Individually and Doing Business as MYRON GOULD ASSOCIATES, Appellant.—In this action to recover moneys allegedly due and owing for printed materials sold and delivered, defendant appeals from a judgment of the County Court, Westchester County, dated February 22, 1979, which granted plaintiff judgment, after a nonjury trial, in the principal sum of $3,756.14. Judgment affirmed, without costs or disbursements. On this record, we agree with Trial Term's conclusion that defendant failed to establish that he acted as agent for a disclosed principal, Grunmar Industries. The trial court's finding that defendant acted as a principal is also supported by the strong inference to be drawn in favor of the plaintiff's evidence as a result of defendant's failure to take the stand to contradict plaintiff's case (see *Noce v Kaufman,* 2 NY2d 347). Plaintiff's dealings were exclusively with the defendant. He submitted purchase orders to plaintiff which dispatched corresponding bills to him and received partial payment from him. Upon defendant's failure to make full payment on the order, plaintiff clearly was warranted in seeking the balance from him. Any language in the purchase order contract to the effect that defendant would not be liable to plaintiff in his individual capacity for a client's default is diluted by further contractual language implying precisely the opposite. Defendant drafted the contract, which is internally inconsistent in material respects. In light of the ambiguity of the contract, Trial Term was warranted in invoking the rule of strict construction and interpreting the document in a light most favorable to plaintiff, the nondrafting party. Hopkins, J. P., Damiani, Titone and Lazer, JJ., concur.