■ LINDA L. DICKINSON et al., Appellants, v THOMAS HOUSTON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered January 28, 1983 in Chemung County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction. The underlying personal injury action arises out of an automobile accident that occurred on August 3, 1979 in the Town of Southport, County of Chemung. Plaintiff Linda Dickinson was a passenger in a vehicle involved in a collision with a vehicle owned and operated by defendant, a New York State resident. Shortly after the accident, defendant moved to California. As a result, plaintiffs' attorney attempted to effect service of a summons and complaint pursuant to sections 253 and 254 of the Vehicle and Traffic Law, which pertain to service on a New York resident who departs from the State subsequent to an accident or collision. The crux of this appeal is whether plaintiffs adequately complied with the statutory provisions so as to obtain personal jurisdiction over defendant. On February 18, 1981, plaintiffs mailed a copy of the summons to the New York Secretary of State and, in addition, sent a copy of the summons and complaint to defendant's last known address in New York by ordinary mail. It appears this letter was received by defendant's mother who, in turn, forwarded it to her insurance carrier. On March 1, 1981, plaintiffs received a receipt from the Secretary of State indicating service of the summons. On March 17, 1981, plaintiffs again sent a copy of the summons and complaint to defendant's New York address, this time by certified mail, return receipt requested. This letter was returned "unclaimed". Thereafter, on November 23, 1981, plaintiffs sent defendant a copy of the summons and complaint with notice of service on the Secretary of State, by certified mail, return receipt requested. This letter was returned to plaintiffs' attorney again marked "unclaimed" on December 10, 1981. On December 22, 1981, plaintiffs' attorney sent an additional letter by ordinary mail advising defendant he was being sued and apparently containing a copy of the summons and complaint. The next day, plaintiffs filed an affidavit of compliance in the Chemung County Clerk's office pursuant to section 253 of the Vehicle and Traffic Law. In the meantime, defendant had served an answer on March 20, 1981 in which he raised the defense of lack of jurisdiction. By order entered January 25, 1983, Special Term granted defendant's motion to dismiss for lack of personal jurisdiction. This appeal by plaintiffs ensued. There should be an affirmance. Here, plaintiffs did not provide notice of service on the Secretary of State until November 23, 1981, some nine months after service on the Secretary of State, despite the requirement of subdivision 2 of section 253 of the Vehicle and Traffic Law that such notice be directed "forthwith" (*Metcalf v Cowburn*, 44 AD2d 650; *McCoon v Schoch*, 30 AD2d 768; *Howland v Giorgetti*, 12 AD2d 953; see *Lederman v McLean Trucking Co.*, 41 AD2d 5, 10). Although it appears from plaintiffs' attorney's responding affidavit that he sent a copy of the summons and complaint by certified mail to defendant as early as March 17, 1981, no notice of service on the Secretary of State was given at this time. In this regard, the statutory requirements are twofold: both notice of service on the Secretary of State and a copy of the summons and complaint must be sent "forthwith". Moreover, when the March 17, 1981 letter was returned to plaintiffs "unclaimed", no follow-up service of a copy of the summons by ordinary mail was

made. Accordingly, we are of the view that plaintiffs failed to comply with the prescribed statutory formula and that service was jurisdictionally defective. Nor can we agree with plaintiffs' contention that by participating in pretrial procedures, defendant impliedly waived its jurisdictional objection (*Calloway v National Servs. Inds.*, 93 AD2d 734). While we are not unmindful that the Statute of Limitations has since run on plaintiffs' cause of action, we note that plaintiffs elected to rely on the validity of service instead of promptly moving to strike the defense pursuant to CPLR 3211 (subd [b]) before the expiration of the Statute of Limitations (see Siegel, The Urgency of Timing the Adjudication of Jurisdictional Objections Parts I, II and III, New York State Law Digest, Nos. 274, 275, 276). Having failed to bring the issue to prompt adjudication, plaintiffs may not now be heard to complain. Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.