■ CLIFFORD A. SYMONDS, Appellant, v DELORES ROOT, Respondent. — Order unanimously affirmed, without costs. Memorandum: On January 13, 1984, three years and three days after

he was injured in an automobile accident, plaintiff made service of the summons and complaint upon the Secretary of State pursuant to section 253 of the Vehicle and Traffic Law. However, the mailing required by subdivision 2 of that section was never made.

On February 14, 1984, plaintiff procured an order, pursuant to CPLR 308 (subd 5) authorizing service by mailing a copy of the summons and complaint to defendant's last known address, delivering a copy of the summons and complaint to defendant's insurance carrier and by publishing a copy of the summons in a Rome, New York, newspaper.

Thereafter defendant moved to dismiss the complaint on the grounds of lack of jurisdiction and that the cause of action was barred by the Statute of Limitations. Special Term held that the action was barred by the Statute of Limitations (CPLR 214) and we affirm.

The issue, as framed by the parties, is whether the service upon the Secretary of State, despite the lack of mailing, tolled the statute until service under the CPLR 308 order had been completed (see *Sadek v Stewart*, 38 AD2d 655). Acquiring jurisdiction under section 253 of the Vehicle and Traffic Law requires substantial compliance with that statute (*Metcalf v Cowburn*, 44 AD2d 650), and without a mailing, there is not substantial compliance (*Dickinson v Houston*, 97 AD2d 665, mot for lv to app den 61 NY2d 606; *Metcalf v Cowburn, supra*). The attempted service under the Vehicle and Traffic Law was, therefore, jurisdictionally defective. Since the defendant did not waive the lack of jurisdiction, the statute continued to run (*Yarusso v Arbotowicz*, 41 NY2d 516), and the action was time barred when plaintiff secured his order authorizing service under CPLR 308.

Since the parties have not addressed the issue on this appeal, it would be inappropriate to decide whether plaintiff's unconsciousness for 12 days following the accident equates with the disability of "insanity" as that term is used in CPLR 208, thus to toll the Statute of Limitations (see *Eisenbach v Metropolitan Transp. Auth.*, 62 NY2d 973; *McCarthy v Volkswagen of Amer.*, 55 NY2d 543; cf. *Barnes v County of Onondaga*, 103 AD2d 624; *Matter of Hurd v County of Allegany*, 39 AD2d 499). (Appeal from order of Supreme Court, Oneida County, Grow, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.