■ GEDEON JEAN-LAURENT et al., Appellants, v THERA NICHOLAS, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), dated April 16, 1990, which denied their motion to strike the affirmative defense of lack of personal jurisdiction, sustained that affirmative defense, and dismissed the complaint.

Ordered that the order is affirmed, with costs.

Although we agree with the Supreme Court's conclusion that jurisdiction was never obtained over the defendant, we do so for different reasons. It is clear from the record that the plaintiffs failed to properly serve the defendant, a Canadian resident, under the provisions of Vehicle and Traffic Law § 253 (2). That statute provides, in part, that service upon a nonresident may be made by serving the Secretary of State and by sending the defendant "notice of such service and a copy of the summons and complaint" by certified mail or registered mail with return receipt requested. Although the plaintiffs mailed a copy of the summons and complaint, they failed to mail the necessary notice that the Secretary of State had also been served, which failure is fatal (see, Dickinson v Houston, 97 AD2d 665; Metcalf v Cowburn, 44 AD2d 650; McCoon v Schoch, 30 AD2d 768).

Moreover, even if there were some truth to the plaintiffs' assertion that the envelope with the summons and complaint was returned with the notation "unclaimed", there is no evidence in the record to suggest that they filed it with the court clerk as required by the statute. More significant, however, is that there is no proof in the record that they followed up the first unsuccessful mailing with a second mailing by ordinary mail as required by Vehicle and Traffic Law § 253 (2). As a result, their attempted service was defective, and personal jurisdiction was not obtained over the defendant (see, Dickinson v Houston, supra).

As a final note, the plaintiffs may not raise for the first time on appeal the issue of whether the Supreme Court improperly considered a late supplemental affirmation submitted by defense counsel since they did not raise this issue with the Supreme Court (see, Rohdie v Michael Guidice, Inc., 132 AD2d 541; Ritacco v Town/Village of Harrison, 105 AD2d 834). In any event, we find that, upon the record before us, the

Supreme Court could, in its discretion, consider the supplemental affirmation. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.