■ DIANA VACCARINO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [704 NYS2d 893] —In an action pursuant to Insurance Law § 3420 (a) (2) to recover on an unsatisfied judgment entered against the defendant's insureds, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 5, 1999, as granted the plaintiff's cross motion for summary judgment on her cause of action for liquidated damages in the principal amount of $28,480.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and, upon searching the record, summary judgment is granted dismissing complaint.

The plaintiff commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover on an unsatisfied judgment she obtained against the defendant's insureds, Dwayne Franks and Mary Franks. The judgment was entered upon the Franks' default in the underlying personal injury action. In its answer, the defendant asserted that the judgment in the underlying action should be vacated because the court did not have personal jurisdiction over the Franks.

A judgment rendered without jurisdiction is a nullity and is subject to collateral attack (*see, Royal Zenith Corp. v Continental Ins. Co.,* 63 NY2d 975). The evidence presented by the defendant in opposition to the plaintiff's cross motion for summary judgment established that the plaintiff failed to comply with the provisions of Vehicle and Traffic Law § 253 (2) which governed service upon the Franks as nonresident defendants in the underlying action. As no jurisdiction was obtained over the Franks, the judgment entered upon their default in the underlying action was a nullity (*see, e.g., Jean-Laurent v Nich-*

*olas,* 182 AD2d 805; *Dickinson v Houston,* 97 AD2d 665; *McCoon v Schoch,* 30 AD2d 768).

The Supreme Court therefore erred in granting the plaintiff's cross motion for summary judgment. Upon searching the record (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641), we grant summary judgment to the defendant dismissing the complaint. Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.