■ BIANCA O. WATLER et al., Appellants, v ROBERT F. RIC-CUITI, Respondent. [724 NYS2d 356] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 8, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint, and denied their cross motion pursuant to CPLR 306-b to extend their time to serve the summons and complaint, and (2) an order of the same court, dated May 22, 2000, which denied as academic their motion for leave to enter a judgment against the defendant upon his default in answering the complaint.

Ordered that the order dated May 8, 2000, is reversed, as a matter of discretion, the motion is denied, and the cross motion is granted; and it is further,

Ordered that the order dated May 22, 2000, is modified by deleting the provision thereof denying as academic the motion for leave to enter a judgment against the defendant upon his default in answering the complaint, and substituting therefor a provision denying the motion; and it is further,

Ordered that the plaintiffs' time to serve the summons and complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court correctly determined that the plaintiffs did not properly serve the defendant with the summons and complaint pursuant to Vehicle and Traffic Law § 253 (2), as they did not comply with the requirements of that statute (*see, Jean-Laurent v Nicholas,* 182 AD2d 805). However, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the summons and complaint "in the interest of justice" (CPLR 306-b; *see, Leader v Maroney, Ponzini & Spencer,* 276 AD2d 194). Therefore, the plaintiffs' cross motion should have been granted, and the complaint is reinstated.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.