ANITA JOHNSON et al., Respondents, v MARTIN MARQUEZ et al., Appellants, et al., Defendant. [770 NYS2d 377]—

In an action to recover damages for personal injuries, the defendants Martin Marquez and Samson Telfort appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated June 25, 2002, as denied their motion to dismiss the complaint insofar as asserted

against them pursuant to CPLR 3211 (a) (8) and granted the plaintiffs an extension of time to re-serve the summons and complaint pursuant to Vehicle and Traffic Law § 253, and (2) from an order of the same court dated February 4, 2003, which denied their second motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (8), and, inter alia, granted the plaintiffs' cross motion for leave to renew and authorized service of the summons and complaint upon the defendants Martin Marquez and Samson Telfort to be effectuated by service upon Arbella Mutual Insurance Company.

Ordered that the order dated June 25, 2002, is reversed insofar as appealed from, on the law, the motion to dismiss the complaint insofar as asserted against the defendants Martin Marquez and Samson Telfort pursuant to CPLR 3211 (a) (8) is granted, the complaint is dismissed insofar as asserted against those defendants, and the action insofar as asserted against the remaining defendant is severed; and it is further,

Ordered that the appeal from so much of the order dated February 4, 2003, as denied the appellants' second motion to dismiss the complaint is dismissed as academic in light of our determination on the appeal from the order dated June 25, 2002; and it is further,

Ordered that the order dated February 4, 2003, is reversed insofar as reviewed, on the law, and the cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

This action to recover damages for personal injuries arises out of a motor vehicle accident that occurred on July 21, 1998. The vehicle allegedly was owned by the defendant Martin Marquez and driven by the defendant Samson Telfort, both of whom were residents of the State of Massachusetts. The plaintiffs, who were passengers in the vehicle, commenced this action by filing a summons and complaint on July 11, 2001, against Marquez, Telfort, and the driver of another vehicle that was involved in the accident. Marquez and Telfort served an answer on December 3, 2001, which interposed an affirmative defense of lack of personal jurisdiction.

On April 11, 2002, Marquez and Telfort moved to dismiss the action insofar as asserted against them pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction because the plaintiffs failed to meet the service requirements of Vehicle and Traffic Law § 253 or CPLR 308. By order dated June 25, 2002, the Supreme Court, inter alia, denied their motion and granted the plaintiffs additional time to serve the appellants pursuant to Vehicle and Traffic Law § 253. We reverse.

Vehicle and Traffic Law § 253 (2) sets forth the method for service of a summons on nonresidents. It requires service of the summons upon the Secretary of State of New York, service upon the nonresidents by sending notice of the service by certified mail or registered mail return receipt requested, and a submission of an affidavit of compliance with these conditions. Here, the plaintiffs' affidavit of compliance failed to demonstrate that there had been compliance with the service requirements with respect to either the Secretary of State or the appellants. Instead, the affiant relied upon evidence of service of a summons in an earlier dismissed action. The affidavit made no reference to attempted service with respect to the instant action whatsoever, which is a blatant violation of all the requirements of Vehicle and Traffic Law § 253 (2). In addition, an affidavit of service provided by a process server who attempted to serve Telfort at an address in Brooklyn, stating that the address was Telfort's "last known residence address" was insufficient to support "nail and mail" service pursuant to CPLR 308 (4) (*Gurevitch v Goodman,* 269 AD2d 355 [2000]; *see Gibson v Salvatore,* 102 AD2d 861, 862 [1984]).

The plaintiffs did not submit any papers in opposition to the April 11, 2002, motion, and, therefore, did not establish that they acquired jurisdiction over the appellants (*see Jean-Laurent v Nicholas,* 182 AD2d 805 [1992]; *Symonds v Root,* 107 AD2d 1071 [1985]). Accordingly, the Supreme Court should have granted the appellants' motion to dismiss the complaint insofar as asserted against them.

The Supreme Court abused its discretion in its June 25, 2002, order when it extended the time to "re-serve" the summons and complaint pursuant to Vehicle and Traffic Law § 253, where the plaintiffs did not make a motion to extend either for good cause shown or in the interest of justice (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]), and where the order did not set forth any grounds for permitting such an extension, which was granted approximately 11 months after the statute of limitations expired and approximately 7 months after the 120-day period for serving the summons and complaint expired (*see* CPLR 306-b). In any event, even if the Supreme Court acted within its discretion, the plaintiffs failed to comply with the order.

The Supreme Court erred in granting the plaintiffs' cross motion for leave to renew the defendants' April 11, 2002, motion. A motion for leave to renew must be supported by new or additional facts which, although in existence at the time of the prior motion, were not known to the party seeking renewal (*see*

*Riccio v Deperalta,* 274 AD2d 384, 385 [2000]). Here, the plaintiffs did not proffer any justification for failing to present facts known to them at the time of the original motion, and improperly relied on facts not in existence at the time of the original motion (*see* CPLR 2221 [e] [2], [3]; *Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Riccio v Deperalta, supra; Delvecchio v Bayside Chrysler Plymouth Jeep Eagle,* 271 AD2d 636, 638 [2000]). Accordingly, the Supreme Court should have denied the plaintiffs' cross motion for leave to renew.

In light of this our determination, it is unnecessary to address the appellants' remaining contentions. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.