Gulledge v Jefferson County (2019 NY Slip Op 03860)





Gulledge v Jefferson County


2019 NY Slip Op 03860


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526496

[*1]GABRIELLE GULLEDGE, Individually, as Parent and Guardian of D. GULLEDGE, an Infant, and on Behalf of the Estate of DEMEARLE GULLEDGE, Deceased, Appellant,
v
JEFFERSON COUNTY et al., Respondents, et al., Defendants.

Calendar Date: March 20, 2019

Before: Garry, P.J., Devine, Aarons and Pritzker, JJ.


Bosman Law Firm, LLC, Rome (A.J. Bosman of counsel), for appellant.
Sugarman Law Firm, LLP, Syracuse (Cory J. Schoonmaker of counsel), for Jefferson County and others, respondents.
Burke, Scolamiero & Hurd LLP, Albany (Thomas A. Cullen of counsel), for Albany County, respondent.
Daniel Lynch, County Attorney, Albany (Michael L. Goldstein of counsel), for Albany County Correctional Facility and others, respondents.
Steinberg, Symer & Platt, LLP, Poughkeepsie (Jonathan E. Symer of counsel), for Correctional Medical Care, Inc., respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered March 16, 2018 in Albany County, which granted certain defendants' motions to, among other things, dismiss the amended complaint against them.
Demearle Gulledge (hereinafter decedent) was an inmate at respondent Jefferson County Correctional Facility and then at respondent Albany County Correctional Facility, where he committed suicide in 2013. Plaintiff was decedent's wife and, acting for herself, their child and decedent's estate, commenced this action asserting various causes of action flowing from decedent's alleged mistreatment at both facilities, as well as derivative claims for loss of consortium and parental services. The numerous defendants who answered (hereinafter collectively referred to as defendants) thereafter moved, as is relevant here, to dismiss the [*2]amended complaint on capacity grounds. Supreme Court granted that relief, and plaintiff appeals.
We affirm. Initially, defendants' "[p]articipation in the defense of the action [did] not waive" a capacity defense that was properly asserted in their answers pursuant to CPLR 3211 (a) (3) and (e) (Calloway v National Servs. Indus., 93 AD2d 734, 735 [1983], affd for reasons stated below 60 NY2d 906 [1983]). Plaintiff, in any event, did not move to strike the defense and will not now be heard to complain that defendants waited too long in pursuing it (see CPLR 3211 [b]; Dickinson v Houston, 97 AD2d 665, 666 [1983], lv denied 61 NY2d 606 [1984]).
Turning to the merits, plaintiff asserted state tort and federal civil rights claims relating to decedent's maltreatment while incarcerated, as well as a wrongful death claim. The former are claims that survive the demise of decedent, but seek damages that "belong[] to [his] estate" and must be asserted by the personal representative appointed to administer it (Heslin v County of Greene, 14 NY3d 67, 75 [2010]; see EPTL 1-2.13, 11-3.2 [b]; Barrett v United States, 689 F2d 324, 331 [2d Cir 1982], cert denied 462 US 1131 [1983]). The statutory cause of action for wrongful death must also "be brought by the personal representative to ensure order in settling decedent's affairs, [although] any damages recovered are 'exclusively for the benefit of the decedent's distributees'" (Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 693 [1991], quoting EPTL 5-4.4; see EPTL 5-4.1 [1]).
It is undisputed here that plaintiff did not have temporary letters of administration authorizing her to act at the key points when this action was commenced and an amended complaint naming additional defendants was served. Plaintiff accordingly lacked capacity to bring this action, as she was not then "[a] personal representative . . . authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his . . . death" (Shelley v South Shore Healthcare, 123 AD3d 797, 797 [2014]; see EPTL 1-2.13, 5-4.1 [1]; 11-3.2 [b]; George v Mt. Sinai Hosp., 47 NY2d 170, 176-177 [1979]; Jordan v Metropolitan Jewish Hospice, 122 AD3d 682, 683 [2014], appeal dismissed 24 NY3d 1199 [2015], cert denied US , 136 S Ct 67 [2015]; Muriel v New York City Health & Hosps. Corp., 52 AD3d 792, 792 [2008]). It follows that Supreme Court appropriately dismissed those claims, as well as derivative claims that cannot stand without them (see Millington v Southeastern El. Co., 22 NY2d 498, 508 [1968]; Maddox v City of New York, 108 AD2d 42, 49 [1985], affd 66 NY2d 270 [1985]).
Plaintiff's remaining contentions, including that her fundamental lack of capacity to commence this action may be overlooked pursuant to CPLR 2001, have been examined and found to lack merit.
Garry, P.J., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.