■ LONG ISLAND SAVINGS BANK, Plaintiff, v. PEARL REALTY Co., Appellant, et al., Defendants. MATTHEW BERGER, as Receiver, Respondent.— In an action to foreclose a real property mortgage, defendant Pearl Realty Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated July 3, 1967, approving the receiver's account, as awarded the receiver's attorney a fee of $3,500. Order modified, on the law and the facts, by reducing the award of the fee to the receiver's attorney to $2,000. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the amount of the award of the attorney's fee was excessive to the extent indicated herein. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ LUCIO F. RUSSO, Respondent, v. ADVANCE PUBLICATIONS, INC., et al., Appellants, et al., Defendant.— Appeal from so much of an order of the Supreme Court, Richmond County, dated June 23, 1969, as denied the portion of appellants' motion which was to compel plaintiff to separately state and number the causes of action in the complaint (CPLR 3014). Upon the appeal this court has also reviewed the further order of the Special Term, dated July 1, 1969, which resettled the order of June 23, 1969 (CPLR 5517, subd. [b]). Orders reversed insofar as appealed from, with $10 costs and disbursements, on the law, and motion for the above-mentioned relief granted. Plaintiff is directed to serve an amended complaint, accordingly, within 20 days after service upon him of a copy of the order to be entered hereon, with notice of entry. The action is basically one for libel, despite the attempt to make it one for prima facie tort. A libel action may not be pleaded as prima facie tort or conspiracy (*Morrison* v. *National Broadcasting Co.,* 19 N Y 2d 453). Each publication is the basis for a separate cause of action which should be separately stated and numbered (*Woodhouse* v. *New York Evening Post,* 201 App. Div. 9). Motions lie under CPLR 3014; and orders on such motions are appealable (*Consolidated Airborne Systems* v. *Silverman,* 23 A D 2d 695). Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ SALLY SCHLAM, Appellant, v. CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered March 19, 1969 in favor of defendant upon a jury verdict after trial on the issues of liability only. Judgment reversed, on the law, and new trial on the issues of liability only granted, with costs to abide the event. The findings of fact below are affirmed. Upon alighting from a bus, plaintiff was injured when her foot went into a broken curb of a sidewalk, causing her to fall. The proof was undisputed that defendant, the City of New York, had actual notice of the defective condition and ample time to remedy it. The issue of notice, therefore, should not have been submitted to the jury and the refusal of the trial court to charge, as requested, that as a matter of law the city had actual and constructive notice of the condition where plaintiff fell constituted prejudicial error requiring a new trial (cf. *Crane* v. *New York World Tel. Corp.,* 308 N. Y. 470, 479–480). We are also of the opinion that, under the circumstances, prejudicial error was also committed in admitting into the evidence a notice which the city had sent to the abutting owner to repair the curbing. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.