■ ANDRE DIVET et al., Respondents, v HANS R. REINISCH et al., Appellants.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on September 28, 1989, which, inter alia, granted the plaintiffs' motion pursuant to CPLR 3211 for an order dismissing the second, third and fourth counterclaims, unanimously modified, on the law, to reinstate the second counterclaim only to the extent that it pleads a cause of action for libel based on the statement: "it appears Hans Reinisch and DUTC may be using DUTC funds and taxpayers' money to harass building residents by filing false information with City agencies", and otherwise affirmed without costs.

We agree with the motion court that the quoted statement contained in a bulletin admittedly published by a tenants' group, of which plaintiffs are members, does not accuse defendants of violating Penal Law §§ 175.30 and 175.35. The statement clearly had reference to a letter of complaint defendants delivered to the Department of Buildings which cannot be considered as an "instrument" within the meaning of the Penal Law defining the crime of offering a false instrument

for filing. *(People v Sansanese,* 17 NY2d 302; *People v Gottlieb,* 36 NY2d 629.)* The fact that the statement does not accuse defendants of a criminal act does not mean, however, that the statement may not be construed as libelous per se. Its libelous character derives from the fact that it charges defendants in writing with being liars and is thus actionable on its face. As we said in *Mase v Reilly* (206 App Div 434, 436): "In an action for libel the rule is that any publication which tends to hold up a man to scorn or ridicule is libelous *per se.* The charge that a man is lying, at least, in a matter of public interest, is such a charge as tends to hold him up to scorn, as [a] matter of law, and *prima facie* a complaint stating the making in writing of such a charge is good."

We agree with the motion court that Civil Rights Law § 74 confers an absolute privilege upon the statement that the defendant committee "needs to account for over $91,000." This branch of the alleged libel does not trespass beyond a fair report of a pending judicial proceeding. So much of the libel counterclaim based on this statement was properly dismissed, because the pleaded words simply refer to a legal duty which may be imposed on defendants if a pending lawsuit should prevail. The statement is therefore cloaked with the Civil Rights Law privilege *(Ford v Levinson,* 90 AD2d 464). Nowhere do defendants allege that plaintiffs presented what amounts to a pleading as an allegation of actual fact, nor do they plead in this action that the mentioned prior action was brought in bad faith as a vehicle for disseminating defamatory matter—contentions which might put a different perspective on the issue.

The remaining charges of libel were properly dismissed because the particular words alleged to be libelous were not set forth in the complaint (CPLR 3016 [a]).

We have examined the remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.