■ LOUIS G. LOWINGER, Appellant, v STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER OF BROOKLYN et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about December 6, 1990, which granted defendants' motion to dismiss the complaint as against defendants Bennett and Dreizen for lack of personal jurisdiction, and as against the remaining defendants for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff claims that defendant medical college discriminated against him on the basis of illness when it dismissed him as a student purportedly because of poor academic performance. However, plaintiff's illness cannot be said to be a disability within the meaning of Executive Law § 292 (21) since he does not dispute that the illness was the cause of his poor performance *(see, Giaquinto v New York Tel. Co.,* 135 AD2d 928, *lv denied* 73 NY2d 701). Thus, plaintiff does not have a cause of action for discrimination. As against defendants Greene and Schwartz, the complaint was properly dismissed because a libel action may not be pleaded as a conspiracy *(Russo v Advance Publs.,* 33 AD2d 1025), the pleading requirement of CPLR 3016 (a) that the particular words alleged to be libelous be set forth was not satisfied *(Divet v Reinisch,* 169 AD2d 416, 417), and the communications alleged to be libelous are, in any event, protected by the common interest privilege *(see, Kaplan v MacNamara,* 116 AD2d 626, *lv denied* 68 NY2d 607). As against the remaining defendants, the complaint was properly dismissed because plaintiff failed to make due diligent efforts to serve process pursuant to CPLR 308 (1), (2) and (4). Plaintiff's proof of attempted service shows no inquiry of neighbors or others regarding defendants' habits and employment, and no attempt to serve defendants at their place of business *(see, Fulton Sav. Bank v Rebeor,* 175 AD2d 580). In any event, even assuming jurisdiction, we would nonetheless affirm because plaintiff failed, as against these defendants as well, to satisfy the pleading requirement of CPLR 3016 (a), and also because the written reports claimed to be defamatory are not, as a matter of law, susceptible of a defamatory meaning *(see, Aronson v Wiersma,* 65 NY2d 592, 594). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.