■ RANDI BRADERMAN, Respondent, v MICHAEL KEITZ, Appellant, et al., Defendant. [787 NYS2d 256]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 17, 2004, which denied appellant's motion to dismiss the complaint on the ground of improper service under Vehicle and Traffic Law § 253, and granted plaintiff's cross motion for leave to file an unclaimed envelope nunc pro tunc, unanimously reversed, on the law, without costs, the motion granted and cross motion denied, and the complaint dismissed as to defendant Keitz. The Clerk is directed to enter judgment in favor of defendant-appellant Keitz dismissing the complaint as against him.

Supreme Court erred in denying defendant Keitz's motion to dismiss for lack of jurisdiction based on the improper service of process. In order to effect proper service on a nonresident driver pursuant to Vehicle and Traffic Law § 253, plaintiff must serve the summons and complaint on the Secretary of State and provide the defendant with notice of such service and a copy of the summons and complaint, by certified or registered mail, return receipt requested (Vehicle and Traffic Law § 253 [2]; see Sosa v Cumberland Swan, Inc., 210 AD2d 156, 157 [1994]). The statute further requires that plaintiff file with the clerk of the

court an affidavit of compliance with the above service requirements, a copy of the summons and complaint and a return receipt signed by defendant or someone authorized to sign on his or her behalf (Vehicle and Traffic Law § 253 [2]).

If the initial registered or certified mailing to the defendant is returned to the post office marked "unclaimed," the statute expressly requires that the plaintiff file with the court the original envelope so marked, an affidavit by or on behalf of the plaintiff that summons was posted again by ordinary mail and proof of such mailing (Vehicle and Traffic Law § 253 [2]). Even assuming that the court properly permitted the plaintiff to file the unclaimed envelope, nunc pro tunc, plaintiff has failed to comply with the additional requirements of Vehicle and Traffic Law § 253 (2) by failing to file an affidavit showing posting by regular mail and proof of such mailing (see Jean-Laurent v Nicholas, 182 AD2d 805 [1992]; Grandison v College Truck Renting Corp., 26 AD2d 260, 262 [1966]).

As a result of plaintiff's failure to comply with the service and filing requirements of Vehicle and Traffic Law § 253 (2), such service was defective and personal jurisdiction was not obtained over the defendant Keitz, a Pennsylvania resident. Accordingly, the complaint as against Keitz must be dismissed (Jean-Laurent v Nicholas, supra). Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.