■ RICHARD D. SPATH, Appellant, v DAVID A. ZACK et al., Respondents, et al., Defendant. [829 NYS2d 19]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 26, 2005, which granted defendants' motion and cross motion for dismissal of the complaint as against Zack and Miller due to improper service and denied plaintiff's

cross motions for extensions of time to re-serve Zack and Miller, unanimously modified, on the law, defendant Zack's motion denied, and plaintiff's cross motion for an extension of time to serve defendant Miller granted, and otherwise affirmed, without costs or disbursements.

In this personal injury action arising out of a motor vehicle accident on June 7, 2001, plaintiff alleges that his vehicle was struck in the rear by vehicles owned and/or operated by defendants. The police report indicated that defendant Zack, the owner and operator of one of the vehicles, had a Connecticut address and that the address of defendant Miller, the operator of the other, was at 6 Sammis Lane in White Plains, New York.

The action was commenced by the filing of the summons and complaint on May 26, 2004. On July 27, 2004, the summons and complaint were served on Zack by service on the Secretary of State, and on July 30, the summons and complaint were mailed, by certified mail, return receipt requested, to Zack at the Connecticut address listed on the police accident report. Plaintiff filed with the court the return receipt card, signed by someone with the last name Zack and Zack answered the complaint on August 20.

On July 21, 2006, a process server effected service on Miller by affixing a copy of the summons and complaint to the door of 6 Sammis Lane and mailing a copy of the summons and complaint to her at the same address after three unsuccessful attempts to personally serve her at that address—twice on July 20 and once on July 21. Miller served her answer on August 16, 2004.

By separate motions, Zack and Miller moved to dismiss the complaint for lack of jurisdiction based on improper service of process. Zack alleged that he had not received any form of service, that he had not resided in Connecticut since 2001, when he moved to California, and that plaintiff did not file an affidavit of compliance as required by Vehicle and Traffic Law § 253. Miller claimed improper service because she had not resided at the White Plains address at which she was served since 2001, and attached a copy of a driver's license issued in January 2004 with a New York City address. Plaintiff opposed Zack's motion and Miller's cross motion, and made separate cross motions for leave to re-serve these defendants at their current addresses. The IAS court granted defendants' motion and cross motion and denied plaintiff's cross motions, concluding that plaintiff's failure to comply with the requirements of section 253 mandated dismissal of the complaint.

With respect to an action against a nonresident defendant arising out of his or her use or ownership of a motor vehicle, Vehicle and Traffic Law § 253 (2) provides that service on the Secretary of State "shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending . . . an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail." Plaintiff complied with this provision as to Zack by serving the Secretary of State, mailing the summons and complaint to Zack, and filing an affidavit of compliance with the return receipt. This case is thus distinguishable from *Braderman v Keitz* (13 AD3d 205 [2004]), upon which the motion court relied in granting Zack's motion to dismiss. In *Braderman*, plaintiff failed to file the affidavit that the summons was posted by ordinary mail after the certified mailing was returned unclaimed (*see* Vehicle and Traffic Law § 253 [2]).

Stating that he had moved from Connecticut to California more than two years prior to the commencement of the action, Zack asserts that since the Connecticut address to which the summons and complaint were sent was no longer his address, service upon him was not effected. In our view, however, the mailing to Zack's last known address, the address on the accident report, was sufficient; the return receipt signed by a person with the last name Zack constitutes presumptive evidence that the summons was received by defendant Zack or a person qualified to receive his certified or registered mail (Vehicle and Traffic Law § 253 [2]). Defendant's reliance on his move from the Connecticut address to California is also misplaced since he offers no proof that he notified Connecticut's Commissioner of Motor Vehicles of his change of address (*see* Conn Gen Stat § 14-45; *see also Ortiz v Santiago*, 303 AD2d 1, 4-5 [2003]).

As to defendant Miller, we note at the outset that contrary to the motion court's decision, service upon her pursuant to Vehicle and Traffic Law § 253 was not required. Pursuant to CPLR 308 (4), where service of process cannot be made with due diligence by personal delivery (subd [1]) or by the deliver and mail alternative (subd [2]), service can be effected, inter alia, "by affixing the summons to the door of . . . the actual . . . dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at

his or her last known residence." The three previous attempts to serve Miller at the Sammis Lane address referred to in the affidavit of service were insufficient to satisfy the due diligence requirement. None of these attempts was made on a weekend, nor is there any indication that the process server made any inquiries to ascertain Miller's whereabouts or her place of business (*see Smith v Wilson*, 130 AD2d 821 [1987]; *see also Kurlander v A Big Stam, Corp.*, 267 AD2d 209 [1999]; *Lowinger v State Univ. of N.Y. Health Science Ctr. of Brooklyn*, 180 AD2d 606 [1992], *lv denied* 80 NY2d 753 [1992]). Nor did the process server check with the Department of Motor Vehicles to determine whether Miller still resided at the Sammis Lane address (*see Busler v Corbett*, 259 AD2d 13, 15 [1999]).

In any event, even if we were to conclude that due diligence was exercised, we would find that service was improper. Since Miller no longer resided at Sammis Lane at the time of the purported service, the summons and complaint were not affixed to her actual dwelling place or usual place of abode (CPLR 308 [4]; *Feinstein v Bergner*, 48 NY2d 234, 238-239, 241 [1979]). We reject plaintiff's claim that Miller's failure to notify the Commissioner of Motor Vehicles of her change of address within ten days after she moved (Vehicle and Traffic Law § 505 [5]) estops her from challenging service at the Sammis Lane address, since her driver's license, issued January 20, 2004, reflects that she notified the Department of Motor Vehicles of her new address well before the commencement of this action, and the process server could easily have ascertained her address by checking Department of Motor Vehicles records. Plaintiff's reliance on *Ortiz* (303 AD2d 1 [2003], *supra*) and *Williams v Yassky* (199 AD2d 18 [1993]) is misplaced, since there is nothing in either of those cases to indicate that the defendants' new addresses were on file prior to service of process.

While service upon Miller was not made within 120 days after the filing of the summons and complaint, late service is permissible under CPLR 306-b "upon good cause shown or in the interest of justice." These are two distinct standards (*de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312 [2004]; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001]). To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors (*Mead v Singleman*, 24 AD3d 1142 [2005]). Upon a consideration of the relevant factors, we conclude that an extension of time to re-serve Miller is warranted. Service, albeit defective, was timely made, the stat-

ute of limitations has expired and there is no legal prejudice to Miller, who had notice of the action (*Chiaro v D'Angelo*, 7 AD3d 746 [2004]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.