■ MARGARITA AYALA et al., Respondents, v SAADA A.R. BASSETT, Appellant. [870 NYS2d 261]—

As gleaned from the face of the affidavit of service, the process server exercised due diligence in attempting to serve defendant personally with the summons and complaint before resorting to nail-and-mail service at the residential address defendant had provided to police at the time of the accident (*see* CPLR 308 [4]). The affidavit constituted prima facie evidence of proper service, indicating efforts to serve defendant at the residence on three different occasions (early morning, afternoon and evening) across a 22-day span (*see e.g. Brown v Teicher*, 188 AD2d 256 [1992]). When the burden thus shifted to defendant to rebut the presumption of proper service, she failed to offer an affidavit or other documentary evidence challenging the validity of the attempted service.

The default resolved the issue of which party was at fault, but the burden remained with plaintiffs to establish a prima facie case of serious injury at the inquest (*Ortiz v Biswas*, 4 AD3d 151 [2004]). Defendant's repeated objection to the admissibility of plaintiffs' unaffirmed or uncertified medical documents at the inquest preserved this challenge. Most of plaintiffs' medical evidence was not properly authenticated or affirmed, and thus was inadmissible (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Shinn v Catanzaro*, 1 AD3d 195 [2003]). The only admissible evidence—medical records of plaintiffs' radiologist and chiropractor—failed to establish that any of the plaintiffs suffered serious injury. The radiologist's MRI reports that found the two adult plaintiffs had suffered herniations were insufficient as those conditions were not causally related to the accident (*see generally Pommells v Perez*, 4 NY3d 566 [2005]). The chiropractor's medical reports alluded to specified findings of plaintiffs' range-of-motion limitations, but such findings were made approximately two weeks after the accident, and no further findings were made after the plaintiffs each completed several months of therapy to address their diagnosed soft-tissue injuries. Even assuming, for the sake of argument, that all of the plaintiffs'

medical evidence submitted at the inquest was admissible, the unexplained gap in treatment of 4½ years for each plaintiff undermined their respective claims of serious injury based on allegations of permanent injury (*see id.* at 574).

None of the plaintiffs offered evidence sufficient to show their incapacity to perform substantially all of their usual and customary activities for at least 90 of the first 180 days following the accident (Insurance Law § 5102 [d]). The two adult plaintiffs noted few activities they were prevented from undertaking, and they each returned to full-time work within a week or two. The infant plaintiff was not shown to have been precluded from engaging in her regular daily activities.

In view of the foregoing, we need not address the appeal from the order denying vacatur of the judgment. We would note only that a party who asserts lack of jurisdiction as grounds for vacating a default judgment has no obligation to prove a meritorious defense (*see Johnson v Deas*, 32 AD3d 253, 254 [2006]; *Boorman v Deutsch*, 152 AD2d 48, 51 [1989], *lv dismissed* 76 NY2d 889 [1990]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.