OPINION OF THE COURT Denis J. Butler, J. It is ordered that the motion of defendant 191 Jamaica, Inc. (the moving defendant) and cross motion of plaintiffs are determined as follows: Moving defendant moves to dismiss the claims asserted against it, pursuant to CPLR 3211 (a) (8), due to plaintiffs’ failure to serve the amended summons and amended verified complaint. Plaintiffs oppose the motion, and cross-move for an enlargement of time to serve their amended pleadings under CPLR 306-b. Defendant opposes the cross motion. Procedural History The relevant procedural history is not in dispute. This action arises from an incident that occurred on March 14, 2014, when plaintiff Seenauth Mangar allegedly tripped and fell on an uneven sidewalk slab. Plaintiff commenced this action on February 20, 2015, against several defendants, including moving defendant 191 Jamaica, Inc., as owner of the property adjacent to the portion of sidewalk where the accident occurred. It is undisputed that 191 Jamaica, Inc. was personally served with the summons and verified complaint on March 16, 2015, and failed to answer. On November 6, 2015, plaintiffs filed an amended summons and amended verified complaint, adding as an additional defendant Empire Wok Express, a tenant at the subject property. The allegations against moving defendant contained in the amended complaint were identical to those contained in the initial complaint. Plaintiffs attempted to serve the amended pleadings upon the moving defendant pursuant to CPLR 312-a, by mailing them to defendant, but plaintiffs concede that service pursuant to that section was not completed, as an acknowledgment of receipt was never signed and returned by defendant. Plaintiffs failed to effectuate service of the amended pleadings by any other means. Defendant attests that it first learned of the existence of the amended complaint in January 2017. This was prior to the expiration of the three-year statute of limitations on plaintiffs’ claim. (See CPLR 214.) However, defendant did not file the instant motion to dismiss plaintiffs’ action due to lack of proper service until May 2017, after expiration of the statute of limitations. Analysis CPLR 3211 (a) (8) permits a party to move for dismissal on the grounds that the court lacks “jurisdiction of the person of the defendant.” Failure to serve a defendant with the summons and complaint constitutes grounds for dismissal under CPLR 3211 (a) (8). (See e.g. Purzak v Long Is. Hous. Servs., Inc., 149 AD3d 989, 992 [2d Dept 2017].) CPLR 306-b requires service of a summons and complaint within 120 days of filing, but permits an extension of time by the court for “good cause shown” or in the “interest of justice.” These are “two distinct standards.” (Spath v Zack, 36 AD3d 410, 413 [1st Dept 2007].) “To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors.” (Id.) “The statute empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative—the calculus of the court’s decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served.” (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 106 [2001].) Among the factors to be considered is prejudice, or lack thereof, to the non-moving party. (Spath, 36 AD3d at 414.) Here, it is undisputed that plaintiffs failed to serve the amended summons and amended verified complaint within 120 days of filing on November 26, 2015, as plaintiffs’ attempted service of the amended summons and amended verified complaint upon moving defendant was incomplete. However, it is undisputed that plaintiffs’ service of the initial summons and complaint upon moving defendant was proper and timely. Defendant does not articulate any coherent manner in which it has been prejudiced by not being timely served with the amended summons and amended verified complaint. Defendant merely contends that enlargement of time for plaintiffs to serve would cause prejudice because the statute of limitations on plaintiffs’ claims has now passed, and defendant cannot now conduct a proper investigation. However, defendant’s argument is disingenuous, as defendant was previously put on notice of the claims against it in March 2015, by service of the initial complaint, and the amended complaint does not alter any of the claims asserted against defendant. With respect to defendant’s motion to dismiss, defendant fails to cite any authority that holds that dismissal of an amended complaint under CPLR 3211 (a) (8) is proper where a plaintiff has already obtained jurisdiction over the defendant through personal service of the initial complaint. Instead, defendant cites several cases for the general proposition that “service of [an] Amended Summons and Amended Verified Complaint supercedes and nullifies the[ ] initial Summons and Verified Complaint.” (E.g. Stella v Stella, 92 AD2d 589 [2d Dept 1983].) However, such a rule is irrelevant under defendant’s given argument, as defendant contends that the amended summons and amended verified complaint were never served. Furthermore, defendant fails to cite any case which holds that a properly served pleading is “nullified” by an amended pleading that is never served. Moreover, none of defendant’s cases address CPLR 3211 (a) (8), and none of them grant the extraordinary relief that defendant is seeking here; namely, the dismissal of an action, after the statute of limitations has run, based upon lack of personal jurisdiction under CPLR 3211 (a) (8), where the defendant admits it was properly served with the initial summons and complaint and defaulted in answering, but was later improperly served with an amended complaint that contained identical allegations against it. Defendant fails to articulate any reason, in law or in common sense, as to why the filing of an amended complaint—which defendant claims it did not even know existed, and which altered the claims against defendant in no way—should nullify the personal jurisdiction over defendant obtained through plaintiff’s proper service of the initial complaint. Based upon the foregoing, the court finds that defendant’s motion to dismiss is not supported by existing law, and the court further finds that the interests of justice warrant an extension of plaintiffs’ time to serve the amended summons and amended verified complaint upon defendant 191 Jamaica, Inc. Conclusion Accordingly, defendant’s motion to dismiss pursuant to CPLR 3211 (a) (8) is denied, and plaintiffs’ cross motion for an enlargement of time to serve the amended summons and amended verified complaint upon defendant 191 Jamaica, Inc. is granted.