Board of Mgrs. of 50 W. 127th St. Condominium v Kidd (2019 NY Slip Op 00973)





Board of Mgrs. of 50 W. 127th St. Condominium v Kidd


2019 NY Slip Op 00973


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8351N 151386/15

[*1] The Board of Managers of 50 West 127th Street Condominium, Plaintiff-Respondent,
v
Chekesha Kidd, Defendant-Respondent, Christiana Trust as Trustee of ALPRP Trust 4, etc., et al., Defendants. City West Capital LLC, Nonparty Appellant.


Dani Schwartz, New York, for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for The Board of Managers of 50 West 127th Street Condominium, respondent.
Kurzman Eisenberg Corbin & Lever, LLP, White Plains (John C. Re of counsel), for Chekesha Kidd, respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 26, 2017, which, inter alia, upon granting nonparty appellant City West Capital LLC (City West) leave to reargue, adhered to its prior determination which granted defendant Chekesha Kidd's motion to vacate the judgment granted upon her default and the resulting foreclosure sale, unanimously affirmed, without costs.
Supreme Court properly determined that plaintiff did not establish that personal service could not be made with due diligence by personal delivery before effecting service pursuant to CPLR 308(4). While a process server's affidavit evidencing three attempts at personal service over a period of time may satisfy the plaintiff's prima facie burden in some circumstances (see e.g. Ayala v Bassett, 57 AD3d 387, 388 [1st Dept 2008]), where, as in this case, it is evident that the defendant works during day time hours, a showing of three attempts to serve defendant at home on consecutive days, twice during working hours and once in the evening, is insufficient to demonstrate due diligence (see Barnes v City of New York, 70 AD2d 580 [2d Dept 1979], affd 51 NY2d 906, 907 [1980]; see also Spath v Zack, 36 AD3d 410 [1st Dept 2007]; Kaszovitz v Weiszman, 110 AD2d 117, 120 [2d Dept 1985]). Here, defendant presented evidence that plaintiff and its managing agent knew of her travel and work schedule, which required her to be in Connecticut during the week, and plaintiff did not contest that showing (see Barnes, 50 NY2d at 907; see CPLR 308[4]).
Defendant did not waive the defense of lack of jurisdiction. Before her incoming counsel filed a notice of appearance without mentioning the defense, she had already presented an order to show cause seeking to vacate the judgment based on lack of personal jurisdiction, and she moved to vacate based on improper service shortly after new counsel appeared. In contrast, in the cases relied on by plaintiff and City West, the defendant's counsel filed a notice of appearance without preserving any objection to jurisdiction after the time to move or answer had elapsed, and did not move to vacate for years afterwards, indicating an intentional abandonment of the defense (see e.g. Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 846-847 [*2][2d Dept 2018], lv denied 31 NY3d 1135 [2018]; Capital One Bank, N.A. v Farraco, 149 AD3d 590, 590 [1st Dept 2017]). Defendant's communications with plaintiff's managing agent in which she arranged to pay her arrears, cannot be construed as an appearance in the action, much less a waiver of her defense of lack of jurisdiction.
Because the judgment was entered without jurisdiction over defendant, City West is not entitled to restitution as an alternative remedy to vacatur of the foreclosure sale, as "[a] judgment rendered without jurisdiction is void" and "a deed [] issued in execution upon such a void judgment . . . is similarly void" (U.S. Bank, N.A. v Bernhardt, 88 AD3d 871, 872 [2d Dept 2011]).
We have considered City West's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK