Seeking Valhalla Trust v Deane (2020 NY Slip Op 02247)





Seeking Valhalla Trust v Deane


2020 NY Slip Op 02247


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


653174/18 11366A 11366

[*1] Seeking Valhalla Trust formerly known as Carl Deane 2013 Revocable Trust, et al., Plaintiffs-Appellants,
v
Carol Deane, et al., Defendants-Respondents.


Cadwalader, Wickersham & Taft LLP, New York (Nathan M. Bull of counsel), for appellants.
Warner Partners, P.C., New York (Kenneth E. Warner of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 26, 2019, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 4, 2019, to the extent it granted defendants' motion to dismiss the causes of action for a declaratory judgment and for breach of fiduciary duty, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants, who expressly stated that they were assuming that plaintiffs had standing for purposes of the instant motion, may not raise the standing issue for the first time on appeal (see Van Damme v Gelber, 79 AD3d 534, 535 [1st Dept 2010], lv denied 16 NY3d 708 [2011]), including a challenge in the guise of an argument that plaintiffs are not "aggrieved" under CPLR 5511.
The motion court correctly found that defendant Deane did not have a veto over whether to act on plaintiffs' demand that Saint Gervais LLC commence this action. However, notwithstanding that the other two managers had a vote, plaintiffs sufficiently pleaded demand futility by raising a reasonable doubt as to the independence of those managers (see In re China Agritech, Inc. Shareholder Derivative Litig., 2013 WL 2181514, *15, 2013 Del Ch LEXIS 132, *40-42 [Del Ch, May 21, 2013, C.A. No. 7163-VCL]). Plaintiffs alleged that one manager was Deane's sister and the other was the deceased husband's nephew, who was also an employee to whom Deane had paid a $2 million bonus (see Mizel v Connelly, 1999 WL 550369, *4, 1999 Del Ch LEXIS 157, *10-13 (Del Ch July 22, 1999, No. Civ. A. 16638]).
Nonetheless, the complaint was correctly dismissed for failure to state a cause of action. As the court found, Deane did not breach the operating agreement or the covenant of good faith and fair dealing by exercising her express sole discretion to reallocate sharing ratios, even down to zero, at any time (see Sullivan v Harnisch, 96 AD3d 667 [2012]). The language of the provision is unambiguous (Rudman v Deane, 138 AD3d 537 [1st Dept 2016]). Considered otherwise, Deane merely exercised the very power given to her by the operating argreement (cf. Shatz v Chertok 180 AD3d 609 [1st Dept 2020]).
Nor is Deane's discretion limited by section 7.5 or the final sentence of section 3.3 of the operating agreement. Section 7.5 merely restates the general duty of good faith. The final sentence of section 3.3 is merely a statement of intention, i.e., that the reallocation power be used to facilitate a management incentive program, and is not binding (Rudman, 138 AD3d at 539).
Given that defendants complied with all terms of the operating agreement, plaintiffs' claim of breach of fiduciary duty was also correctly dismissed (see Panattoni Dev. Co., Inc. v Scout Fund 1-A, LP, 154 AD3d 555, 558 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK