Jun Gao v Coconut Beach/Haw., LLC (2023 NY Slip Op 50763(U))

[*1]

Jun Gao v Coconut Beach/Haw., LLC

2023 NY Slip Op 50763(U)

Decided on July 25, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 25, 2023
Supreme Court, New York County

Jun Gao, Plaintiff,

against
Coconut Beach/Hawaii, LLC, FOREFRONT EB-5 FUND (HCR), LLC, SYMMETRY PROPERTY DEVELOPMENT II, LLC, SPD II MAKAIWA RESORT DEVELOPMENT LLC, JEFFREY L. LAYTIN, JASON DING, KELCOP, L.P., BRADLEY C. REIFLER, Defendant.

Index No. 654127/2022

Robert R. Reed, J.

Plaintiff commenced this action for breach of contract on November 1, 2022 (complaint, NYSCEF doc. no. 1). Plaintiff moves for alternate service upon defendant Jason Ding, a/k/a Wei Ding, a/k/a Jason Wei Ding, a/k/a Chenglin Ding, a/k/a Chen Lin Ding ("defendant Ding") with the Summons and Complaint via email to his email address at jason.w.ding@me.com, pursuant to CPLR § 308 (5). Pursuant to CPLR § 306-b, plaintiff moves for an extension of the time f to complete service upon Ding by an additional 120 days from the date of entry of the order granting such extension. 
Plaintiff states that he "has spent significant time and resources attempting to serve" defendant Ding, but despite such efforts has been unable to locate and serve defendant Ding (affirmation, NYSCEF doc no. 23 ¶ 4). Plaintiff asserts that he searched for defendant Ding using Westlaw Edge and found two addresses associated with him in Chicago and California (id. ¶ 6). Plaintiff further asserts that he then employed a private process server, Metro Attorney Services Inc. ("Metro"), to complete service upon defendant Ding (id. ¶ 7). In November 2022, Metro attempted to affect service upon defendant Ding's Chicago address on five separate days, each at different times of the day (id. ¶ 8, see, affidavit of process server, NYSCEF doc no. 24). During the last attempt, a current resident of the Chicago address stated that defendant Ding moved away eight years ago to California (id. ¶ 9). Metro then attempted to complete service at the California address on December 9, 2022, but the residence was vacant (id. ¶ 10, see, affidavit of process service, NYSCEF doc no. 25). Plaintiff has been unable to locate another address for defendant Ding despite further research.
Plaintiff believes that defendant Ding is a member of Coconut Beach/Hawaii, LLC ("Coconut Beach"), a director, officer, and manager of Forefront EB-5 Fund (HCR), LLC ("Forefront"), and a manager of Symmetry Property Development II LLC ("Symmetry"), all of which are defendants in the action (id. ¶ 13). According to the New York State Secretary of [*2]State, Department of State records, defendants Coconut Beach and Forefront have an address of One Pennsylvania Plaza, 19th Floor, New York, NY 10119, and Symmetry has an address of One Pennsylvania Plaza, 36th Floor, New York, NY 10119 (id. ¶ 14). Symmetry's website lists One Pennsylvania Plaza, 49th Floor, New York, NY 10119 as its address (see, website, NYSCEF doc no. 29). Plaintiff sent a demand letter via United States Postal Service Certified Mail to One Pennsylvania Plaza, 19th Floor, 36th Floor, and 49th Floor on June 26, 2022, prior to commencing the action, but the letters were all returned as "not deliverable as addressed, unable to forward" (id. ¶¶ 16-17, returned letter envelopes, NYSCEF doc no. 30). On February 9, 2023, plaintiff's attorney visited One Pennsylvania Plaza and was informed by the front desk concierge that none of the companies were tenants (id. ¶ 18).
Plaintiff states that he, his immigration attorneys, and immigration consultants, regularly communicated with defendant Ding via email at jason.w.ding&commat;me.com between 2019-2022 (id. ¶ 21-22, email from defendant Ding, NYSCEF Doc No. 32). Plaintiff sent a copy of the demand letter to defendant Ding's email on July 26, 2022, and it was successfully delivered (id. ¶ 23, email, NYSCEF doc no. 33).
If service is impracticable under paragraphs one, two, and four of CPLR § 308, the court may allow for service in such manner as it directs (CPLR § 308 [5]). Under CPLR §§ 308 (1) and (2), a party may perform service by delivering the summons to the person or to a person of suitable age and discretion at the actual place of business. If neither option is available, CPLR § 308 (4) allows for plaintiff to affix the summons to the door of either the actual place of business or last known residence of the defendant, or by mailing the summons to either. Here, plaintiff has stated his difficulty with attempting to find defendant Ding's current address, and his attempts to serve at his actual place of business have been unavailing. The First Department has held that plaintiffs can properly affect service of process by email (see, NMR e-Tailing LLC v Oak Inv. Partners, 216 AD3d 572 [1st Dept 2023]). Under the circumstances presented here, and given recent precedent, the court grants plaintiff's motion for alternate service upon defendant Ding by emailing the summons and complaint to jason.w.ding&commat;me.com.
As stated, plaintiff also seeks an additional 120 days to serve defendant Ding pursuant to CPLR § 306-b. This rule states that service of the summons and complaint shall be made within 120 days after the commencement of the action, but the court shall, "upon good cause shown or in the interest of justice, extend the time for service." Good cause exists when a plaintiff has shown reasonable diligence in attempting to effect service on a defendant in compliance with statutory service requirements (see Henneberry v Borstein, 91 AD3d 493, 496 [1st Dept 2012]). As previously stated, plaintiff's attorney's affirmation demonstrates due diligence (NYSCEF doc no. 23). In particular, as stated, plaintiff attempted service on defendant in Chicago, California, and New York, all without success. This supports an order granting the extension (see Spath v Zack, 36 AD3d 410, 412 [1st Dept 2007]). In the interest of justice, and for good cause, the court thus also grants plaintiff's motion for a 120-day extension of time to effectuate service from the date of entry of this order.
Accordingly, it is hereby
ORDERED that the motion of plaintiff for alternate service and for an extension of time for service is granted; and it is thus further
ORDERED that plaintiff shall effectuate an alternate means of service upon defendant Ding by way of email to jason.w.ding@me.com within 120 days from the date of this order; and it further
ORDERED that plaintiff shall file proof of such service promptly thereafter.
DATE 07/25/2023
ROBERT R. REED, J.S.C.