Williams v MTA Bus Co. (2024 NY Slip Op 00692)

Williams v MTA Bus Co.

2024 NY Slip Op 00692

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 816908/21 Appeal No. 1616 Case No. 2023-02010 

[*1]Rufus Williams, Plaintiff-Respondent,
v
MTA Bus Company et al., Defendants-Appellants, Edouard Milord, Defendant.

Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellants.
The Turkewitz Law Firm, New York (Eric Turkewitz of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered October 31, 2022, which granted plaintiff's motion for default judgment against defendant Edouard Milord, unanimously reversed, on the law, without costs, and plaintiff's motion denied.
Plaintiff's motion for a default judgment against Milord, a bus driver employed by defendant MTA Bus Company, was opposed by defendants MTA Bus Company, Metropolitan Transportation Authority, New York City Transit Authority, and Metropolitan and Bronx Surface Transit Operating Authority (collectively, MTA defendants). Plaintiff did not challenge the MTA defendants' standing and cannot raise the related issue of whether they are "aggrieved" parties with standing to appeal for the first time on appeal (see Seeking Valhalla Trust v Deane, 182 AD3d 457, 457-458 [1st Dept 2020], lv denied 36 NY3d 904 [2020]).
On the merits, plaintiff failed to satisfy his prima facie burden of demonstrating proper service on Milord pursuant to CPLR 308(2), and the court therefore lacked jurisdiction to render its decision (Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d 460, 461 [1st Dept 2017]). "Personal jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been complied with" (Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762 [2d Dept 2019]). The mailing requirement of CPLR 308(2) is to be strictly construed (id. at 763, citing Citibank v Harris, 264 AD2d 377, 377 [2d Dept 1999]). Here, plaintiff's affidavit evidencing service at Milord's place of business fails to include any proof of mailing as required by CPLR 308(2), and no evidence of compliance with the mailing requirement is otherwise found in the record.[FN1] Plaintiff therefore as a matter of law failed to comply with the mailing component of CPLR 308(2) and service thereunder was invalid (Deutsche Bank Natl. Trust Co. v Ferguson, 156 AD3d at 461).
Plaintiff's failure to comply with CPLR 308(2)'s mailing requirement was not a mere "technical infirmity" that may be overlooked by the court pursuant to CPLR 2001 (Estate of Perlman v Kelley, 175 AD3d 1249, 1250-1251 [2d Dept 2019]). "'In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant — notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (id. at 1250-1251, quoting Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]). The court found that a late mailing under CPLR 308(2) was not a mere technical infirmity, as it increased the likelihood that the defendant did not receive proper notice of the legal proceeding (id. at 1251). We likewise hold that a plaintiff's complete failure to comply with CPLR 308(2)'s mailing requirement greatly increases the likelihood that a defendant will not receive the pleadings and have an opportunity to answer. Accordingly, plaintiff's [*2]failure to offer proof of mailing under CPLR 308(2) was a jurisdictional defect requiring denial of plaintiff's motion for a default judgment.
Further, plaintiff failed to show proper service pursuant to Vehicle and Traffic Law § 253, as he did not file the affidavit of compliance or otherwise offer proof of any of the required mailings under that section (see Braderman v Keitz, 13 AD3d 205, 205-206 [1st Dept 2004] [setting forth §253's various mailing and filing requirements and finding plaintiff's failure to satisfy same]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024

Footnotes

Footnote 1: This case is not factually analogous to this Court's decisions in San Lim v MTA Bus Co. (190 AD3d 493, 493 [1st Dept 2021], lv dismissed 37 NY3d 1041 [2021] [affidavit of service clearly reflected compliance with 308(2)'s mailing requirement]) or Navarro v Singh (110 AD3d 497, 498 [1st Dept 2013] [the plaintiff offered additional evidence curing factually incorrect affidavit of service and showing mailing under 308(2)]).