Casanova v Lopez (2024 NY Slip Op 01269)

Casanova v Lopez

2024 NY Slip Op 01269

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 25292/15 Appeal No. 1829-1830 Case No. 2023-03447, 2023-03454 

[*1]Jimmy Casanova, Appellant,
v
Maria Lopez, Respondent, City of New York, Defendant. 

Lisa M. Comeau, Garden City, for appellant.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 21, 2023, which, following a traverse hearing, dismissed the original action and the related action against defendant Maria Lopez for lack of personal jurisdiction and vacated the default judgment against her, unanimously affirmed, without costs. Appeal from interim order, same court and Justice, entered January 11, 2023, which, upon renewal and reargument, denied defendant Lopez's motion to dismiss and found that a traverse hearing was warranted to determine whether she was properly served, unanimously dismissed, without costs, as academic.
Supreme Court properly dismissed the actions against defendant Lopez following a traverse hearing for lack of personal jurisdiction and vacated the default judgment entered against her. Contrary to plaintiff's contention, he did not carry his burden of proving effective service by a preponderance of the evidence pursuant to CPLR 308(4). "Service under this provision is only appropriate where personal service or service by delivery on a person of suitable age and discretion at the actual place of business or dwelling place cannot be made with due diligence" (Schnur v Balestriere, 208 AD3d 1117, 1119 [1st Dept 2022] [internal quotation marks omitted]; see Wood v Balick, 197 AD2d 438, 438 [1st Dept 1993]).
During the traverse hearing, plaintiff's process server testified that he posted the summons and complaint on the door of the subject premises located at 713 Prospect Avenue in the Bronx (the premises), after making four attempts to serve Lopez there. However, the process server also testified that while he was attempting to personally serve Lopez at the premises, which his employer had represented was her residence, someone at the premises told him Lopez did not live there. This testimony established that the nail-and-mail service of process on Lopez was insufficient because plaintiff's process server did not first comply with the due diligence requirement of CPLR 308(4) (see generally Spath v Zack, 36 AD3d 410, 413 [1st Dept 2007]. Upon obtaining information that Lopez did not reside at the premises, due diligence required the process server to investigate her whereabouts on the date of service and whether the service address was actually her dwelling place or usual place of abode before resorting to the alternative method of serving her with the summons and complaint by nail-and-mail service (id.; see also McSorley v Spear, 50 AD3d 652, 654-654 [2d Dept 2008], lv denied 10 NY3d 715 [2008]). There is no evidence that the process server did so, and the affidavit of service simply states that the process server served Lopez at her "dwelling place/usual place of abode."
Plaintiff concedes that the premises were not Lopez's dwelling place or usual place of abode under the statute; rather, he contends that Supreme Court should have found that his process server properly effectuated service of process at Lopez's actual place of business[*2]. This argument is unavailing. The process server's testimony did not establish that service of process could not be made with due diligence at the premises even if plaintiff had shown that the premises were Lopez's actual place of business (see CPLR 308[2], [4]). The process server testified that, when he served Lopez, he did not believe that the premises were her principal place of business, and that he only tried to serve Lopez at the premises during normal business hours one time (see Wood v Balick, 197 AD2d at 438).
Plaintiff's post-service proffer of information to show that the premises were Lopez's actual place of business is immaterial because the issue is not whether the premises we're Lopez's actual place of business but whether the due diligence requirement at the time of service was met. For this reason, Lopez's 2021 affidavit, where in an unrelated action she purportedly averred that the premises we're her actual place of business, although she stated that the affidavit was forged, also does not compel a different result.
Finally, plaintiff's claim that Supreme Court should have denied Lopez's motion to renew and reargue as untimely is unpreserved. Even if we were to review the claim, we would find it unpersuasive because every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action, regardless of the statutory time limits concerning motions to reargue (see Profita v Diaz, 100 AD3d 481, 481 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024