## 20 W. 47 St. Assoc., LLC v Rafaello & Co.

2024 NY Slip Op 31555(U)

May 1, 2024

Supreme Court, New York County

Docket Number: Index No. 652338/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. EMILY MORALES-MINERVA**          PART          **42M**

*Justice*

-------------------------------------------------------------------X

20 WEST 47 STREET ASSOCIATES, LLC,

                Plaintiff,

           - v -

RAFAELLO & COMPANY, A & A DIAMONDS, LTD.,
RAFAELKHAY ARANBAYEV, YAAKOV NEKTALOV

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652338/2022 |
| **MOTION DATE** | 03/05/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for          JUDGMENT - DEFAULT          .

HON. EMILY MORALES-MINERVA:

In this breach of contract action, 20 WEST 47 STREET ASSOCIATES, LLC ("plaintiff") moves, by notice of motion, dated March 1, 2024, for leave to enter a default judgment against RAFAELLO & COMPANY and A & A DIAMONDS, LTD., (collectively "corporate defendants") and RAFAELKHAY ARANBAYEV and YAAKOV NEKTALOV (collectively "individual defendants") in the amount of $203,961.01.[1] The defendants listed herein have not appeared in this action and submit no opposition.

For the reasons set forth below, the court denies the motion for lack of proper service on all defendants.

---

[1] The Court notes that the original summons with notice requested $202,952.36 (see NYSCEF #1)

**652338/2022   20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL**
**Motion No. 002**

Page 1 of 9

[* 1]

## BACKGROUND

By notice of motion (sequence number 001), dated January 3, 2023, plaintiff moved, pursuant to CPLR 3215, for an order granting it a default judgment against defendants. The Court (N. Bannon, J.S.C.) denied said motion without prejudice to renewal within 30 days of its Decision and Order, dated February 7, 2023. In denying the application, the Court reasoned that plaintiffs failed submit sufficient proof of the facts constituting the claim (see Decision and Order, dated February 7, 2023 [N. Bannon, J.S.C.], para 4, citing CPLR 3215[f]). The same Decision and Order did not address whether plaintiff properly served defendants. Instead, the Court (N. Bannon, J.S.C.) provided that – "even assuming the that the plaintiff has submitted proof of service of the summons and complaint and proof of the defendants' default" – plaintiff's application failed in setting forth a prima facie case of a breach of contract claim.

Within 30 days of the denial of its initial motion, plaintiffs filed an "amended" notice of motion on March 6, 2023. The Court (N. Bannon J.S.C.) denied the application as the "amended" motion was improperly filed under motion sequence number 001, rather than under motion sequence 002 (see Decision and Order, dated February 8, 2024 [N. Bannon J.S.C.]).

**652338/2022  20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL**       **Page 2 of 9**
**Motion No. 002**

Within 30 days of the denial of plaintiffs second application to the court, plaintiff filed the instant motion (motion sequence 002), seeking an order granting them a default judgment. No defendants have appeared or submitted any opposition to the subject application.

## ANALYSIS

A proponent for a default judgment must provide proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the default (CPLR 3215 [f]; see also Gordon Law Firm, P.C. v Premier DNA Corp., 205 AD3d 416, 416 [1st Dept 2022]). A court lacks personal jurisdiction over a defendant who is not properly served with process (see Nationstar Mtge., LLC v. Esdelle, 186 A.D.3d 1384, 1386 [2d Dept 2020]. Furthermore, the movant must comply with the additional mailing requirements, as articulated in CPLR § 3215(g).[2]

---

[2] CPLR 3215[g][3][i] provides, in pertinent part, that "[w]hen a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his [or her] place of residence."

CPLR 3215[g][4][i] provides, in pertinent part, that when a default judgment is sought against a corporation that has been served by service upon the Secretary of State (see Business Corporation Law § 306[b]), the plaintiff must mail an additional copy of the summons and complaint to the corporation "via first class mail" at its "last known address."

652338/2022  20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL          Page 3 of 9
Motion No. 002

3 of 8

[* 3]

## INDIVIDUAL DEFENDANTS

In support of its motion for a default against individual defendants Rafaelkhay Aranbayev and Yaakov Nektalov, plaintiff submits affidavits of service of its process server Michael Gorman (see exhibit G and H). Therein, the process server affirms that they executed service through "substitute service," pursuant to CPLR § 308(2), on both individual defendants on September 1, 2022 at 12:33pm. The affidavit indicates that "Danny 'Doe'" was served, that he is a person of suitable age and discretion, and that he is "authorized to accept." A physical description of "Danny 'Doe'" is also provided, notably "Danny 'Doe'" being listed as 21 years old, but their relationship to both individual defendants is left blank (see exhibit G and H).

Service of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR § 308 (see Dorfman v Leidner, 76 NY2d 956 [1990]). Service of process under CPLR § 308(2), which is at issue here, requires that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business. Personal jurisdiction is not

acquired absent strict compliance with both the delivery and mailing requirements of CPLR § 308(2) (see Williams v MTA Bus Co., 2024 N.Y. Slip Op. 00692 [1st Dept 2024].

Moreover, where, as here, plaintiffs seek a default against a natural person based on nonappearance, plaintiffs shall submit "an affidavit that additional notice has been given by or on behalf of the plaintiff[s] at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at [their] place of residence in an envelope bearing the legend 'personal and confidential' and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt" (see CPLR § 3215[g][3][i]).

The court must find that plaintiff failed to submit requisite proof of additional mailing pursuant to CPLR § 3215[g][3][i]. Here, the affidavit of additional service on March 15, 2024, was delivered "via Regular mail," and it did not indicate the envelope bared the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney of concerns an alleged debt (see NYSCEF #60).

**652338/2022  20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL**
**Motion No.  002**

**Page 5 of 9**

5 of 8

[* 5]

## CORPORATE DEFENDANTS

In support of its motion for a default against corporate defendants Rafello & Company and A & A Diamonds, LTD, plaintiff submits affidavits of service attempting to effectuate service on the corporate defendants through two separate methods: (1) personal service (see exhibit D and E), and (2) service via the Secretary of State (see exhibit C and F). The court finds that service on corporate defendants in this matter is insufficient.

CPLR § 311(a)(1) provides that, personal service upon a corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Additionally, CPLR 311(a)(1) provides that a plaintiff may serve a business corporation pursuant to Business Corporation Law § 306.

Business Corporation Law § 306(b)(1) permits service of process on the Secretary of State as agent of a domestic or authorized foreign corporation. However, if service is effectuated pursuant to Business Corporation Law § 306, additional service of the summons by first-class mail on the non-appearing corporation is required (see CPLR 3215[g][4]).

**652338/2022 20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL**     **Page 6 of 9**
**Motion No. 002**

[* 6]

In plaintiff's affidavit of service on both corporate defendants, the process server describes serving "Danny 'Doe'" on September 1, 2022 at 12:33pm at 41 West 47th Street, New York, NY 10036. Both affidavits of service describe "Danny 'Doe'" as a "party authorized to accept." "Danny 'Doe's'" relationship to both corporations is left blank.

The affidavits of service make no representation as to whether "Danny 'Doe'" is an officer, director, managing agent, or cashier of the corporation. Further, there is no showing that "Danny 'Doe'" had the power to act on behalf of the corporation in its business dealings or that they carried with them the discretion to act on behalf of the corporation.

Indeed, plaintiff submits no evidence of any inquiry made as to the recipients authority to receive process on behalf of both corporate defendants (see also Arvanitis v Bankers Tr. Co., 286 AD2d 273 [1st Dept 2001] [the court will look to a process server's reasonable belief as to whether a recipient of process carried authority to receive process on behalf of another]; see also Colbert v Intl. Sec. Bur., Inc., 79 A.D.2d 448 [2d Dept 1981] [providing that merely calling someone a "office manager" does not make someone a "managing agent" within the meaning of the statute]. Therefore, the court must find that service pursuant to CPLR 311(a) is insufficient.

INDEX NO. 652338/2022
RECEIVED NYSCEF: 05/01/2024

Plaintiff's affidavits of service, pursuant to Business Corporation Law § 306, indicates service on the Secretary of State on November 7, 2022, at 3:15pm. However, plaintiff failed to demonstrate additional service on the corporate defendants, as CPLR 3215 [g] [4] requires. Here, the affidavit of additional service provides the process server mailed the papers on March 15, 2024 "via Regular mail," and made no indication to defendants that service was "being made or has been made," pursuant to Business Corporation Law § 306 (see CPLR 3215[g][4][ii]).

As such, the plaintiff's motion for default judgment against the corporate defendants RAFAELLO & COMPANY and A & A DIAMONDS, LTD is denied. Since the defects can be cured, denial of the motion is without prejudice to renewal on proper papers within 30 days of the date of this order.

Accordingly, it is

ORDERED that the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment is denied without prejudice.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 5/01/2024 | | | | | |
| --- | --- | --- | --- | --- | --- |
| **DATE** | | | | EMILY MORALES-MINERVA, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |

652338/2022  20 WEST 47 STREET ASSOCIATES, LLC vs. RAFAELLO & COMPANY ET AL     Page 8 of 9
Motion No.  002

8 of 8