Unitrin Safeguard Ins. Co. v Della-Noce (2026 NY Slip Op 00601)

Unitrin Safeguard Ins. Co. v Della-Noce

2026 NY Slip Op 00601

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 158834/22|Appeal No. 5778|Case No. 2024-06475|

[*1]Unitrin Safeguard Insurance Company, etc., Plaintiff-Respondent,
vCiro Della-Noce, Defendant, Edward Mosquea et al., Defendants-Appellants. 21 Physical Therapy, PC, et al., The "Medical Provider Defendants".

Tarasov & Associates, P.C., Brooklyn (Thomas Torto of counsel), for appellants.
Goldberg, Miller & Rubin, PC, New York (Victoria Tarasova of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about September 20, 2024, which denied the motion of defendants Edward Mosquea and Wandy De La Cruz-Ramos to vacate the default judgment against them, unanimously reversed, on the law, without costs, and the judgment vacated as against both defendants.
Plaintiff made a prima facie showing of entitlement to a default judgment against Mosquea and De La Cruz-Ramos by submitting the affidavits of service confirming service pursuant to CPLR 308 (2) (see Caba v Rai, 63 AD3d 578, 582-583 [1st Dept 2009]). De La Cruz-Ramos rebutted this showing, however, by submitting his own affidavit averring that he had moved from the address where service was made, as well as a lease confirming that he had moved before the date of service (see Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525, 526 [2d Dept 2008]). Plaintiff's argument that De La Cruz-Ramos continued to use the address where service was made is unavailing because the evidence is contained in documents created by third parties, rather than by defendant himself, as was the case in situations where relief was granted to plaintiff such as Sharbat v Law Offs. of Michael B. Wolk, P.C. (121 AD3d 426, 427 [1st Dept 2014]) and U.S. Bank Natl. Assn. v Vanvliet (24 AD3d 906, 908 [3d Dept 2005]). Thus, service upon De La Cruz-Ramos was a nullity, requiring the default judgment as against him to be vacated (see Feinstein v Bergner, 48 NY2d 234, 239 [1979] ["dwelling place" and "usual place of abode" not equivalent to "last known residence"). Because De La Cruz-Ramos was not properly served, there was no need for him to assert a meritorious defense in support of his motion (see Shaw v Shaw, 97 AD2d 403, 404 [2d Dept 1983]).
We likewise grant vacatur as to Mosquea. Mosquea contends that the service was defective because the process server did not exercise "due diligence" in seeking to effectuate service on defendant before resorting to nail-and-mail service (CPLR 308[4]). Generally, a plaintiff can establish diligence by providing an affidavit of service indicating efforts to serve the defendant at her residence on three different occasions, at different times of day (see e.g. Ayala v Bassett, 57 AD3d 387, 388 [1st Dept 2008]. As Mosquea argues, however, all of the dates of attempted personal service upon him were during the work week and during normal business hours in the same afternoon window. Thus, plaintiff did not establish the due diligence necessary to resort to nail and mail service (see Board. of Mgrs. of 50 W. 127th St. Condominium v Kidd, 169 AD3d 432, 432 [1st Dept 2019]; Spath v Zack, 36 AD3d 410, 413 [1st Dept 2007][finding lack of diligence under CPLR 308(4) where there were no attempts to serve defendant on the weekend or outside of ordinary business hours, and the process server made no inquiries to ascertain defendant's whereabouts or place of business]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026