■ SETH MILLER et al., Respondents, v JAMES B. ROSS et al., Appellants. [841 NYS2d 586]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 16, 2007, which denied defendants' motion for partial summary judgment and granted plaintiffs' cross motion for summary judgment seeking to unwind the conversion of defendant New York limited partnership into a Delaware limited liability company, unanimously modified, on the law, to the extent of declaring that the conversion is a nullity as in violation of Limited Liability Company Law § 1006 (c), and otherwise affirmed, with costs in favor of plaintiffs.

Correctly applying New York rather than Delaware law to the purported change in the subject New York limited partnership, the motion court properly held the purported conversion ineffective because the sole member of an entire class of ownership interest had voted against it, and the statutory mechanism requiring the consent of that class was the sole manner authorized to make the entity change without a merger or consolidation (*see generally Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209 [1976]). We modify solely to declare to that effect (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). We also agree with the motion court's interpretation of the limited partnership agreement, finding that section 5.3 (f) thereof constitutes a limitation on the powers of the general partner, and not a grant of authority to change the organization of the limited partnership in a manner not proscribed. Since defendants' alleged fiduciary breaches in not providing the requested financial disclosure prior to the limited partnership vote on the conversion and in depriving plaintiffs of their interests were not the basis for the court's order nullifying the conversion, and are not included in the order, defendants are not aggrieved by the claimed objectionable language in the decision regarding such breach (*see Edge Mgt. Consulting v Irmas*, 306 AD2d 69 [2003]). In any event, defendants' claim that fiduciary breach was not alleged is inaccurate.

We have considered defendants' other contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.