Shatz v Chertok (2020 NY Slip Op 01383)





Shatz v Chertok


2020 NY Slip Op 01383


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


655620/18 10972A 10972

[*1] Daniel Shatz, etc., Plaintiff-Respondent-Appellant,
v
Douglas Chertok, et al., Defendants-Appellants-Respondents, Vast Ventures LP, et al., Defendants, Vast Ventures VI LLC, Nominal Defendant-Appellant-Respondent.


Cooley LLP, New York (Philip M. Bowman of counsel), for appellants-respondents.
Gibbons P.C., New York (Daniel S. Wienberger and Jeffrey L. Nagel of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 10, 2019, which denied in part and granted in part defendants' motion to dismiss the complaint, unanimously modified, on the law, to reinstate the derivative cause of action for aiding and abetting, and the individual cause of action for breach of the covenant of good faith and fair dealing, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about July 31, 2019, which granted defendants' motion for reargument and, upon reargument, adhered to its prior order, unanimously affirmed, without costs.
Plaintiff alleges derivatively that defendants breached their fiduciary duties to the corporation by, inter alia, (1) failing to pursue a previously-agreed upon investment opportunity; (2) diverting that opportunity to another entity in which defendant Chertok has an interest; and (3) failing to disclose to the corporation the renewed availability of the investment opportunity. Defendants argue that the claim is barred because the corporation's operating agreement gives them the "sole and absolute discretion" over investment decisions.
The motion court correctly declined to dismiss the breach of fiduciary duty cause of action. In Richbell Info. Servs. v Jupiter Partners (309 AD2d 288 [1st Dept 2003]), the parties entered into a joint venture to acquire a company. Under the relevant agreement, the defendants had an "apparently unfettered" right to veto certain transactions (id. at 302). The plaintiffs alleged that the defendants had exercised their contractual veto power in bad faith as part of a secret scheme to deprive the plaintiffs of the benefits of the joint venture.
The Court in Richbell rejected the defendants' argument that their right to veto, which contained no limitations, barred the breach of fiduciary duty claim. The Court found that "even where one has an apparently unlimited right under a contract, that right may not be exercised solely for personal gain in such a way as to deprive the other party of the fruits of the contract" (id.). Thus, "even an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement" (id.). Here, although defendants possessed sole discretion over investment decisions, the complaint sufficiently alleges that they exercised that discretion in bad faith and to self-deal. Thus, the fiduciary duty claim was properly sustained, despite the existence of the sole discretion clause.
Defendants maintain that Richbell is distinguishable because the agreement there did not include a "sole and absolute discretion" clause. Richbell, however, did not turn on the precise [*2]language contained in the agreement, but instead stands for the general principle that an "explicitly discretionary contract right" cannot be "exercised in bad faith" so as to deprive the other party of the benefit of the bargain (id.). Defendants' reliance on Sullivan v Harnisch (96 AD3d 667 [1st Dept 2012]), and other cases, is unavailing because those decisions did not involve allegations of bad faith or self dealing.
Defendants' remaining attacks on the fiduciary duty claim are unavailing. Plaintiff sufficiently pleaded that the LLC had a tangible expectancy of the investment opportunity, making it a corporate opportunity that could be diverted (see Alexander & Alexander of N.Y. v Fritzen, 147 AD2d 241, 246-249 [1st Dept 1989]). Fact issues precluded a finding that plaintiff had conceded that defendants could divert identified opportunities to their other, similar businesses (cf. Burg v Horn, 380 F2d 897 [2d Cir 1967]). Fact issues also exist as to whether the LLC could have made the investment, even after it was diverted. While plaintiff does not have information sufficient to plead how much defendants benefitted from the diversion, he does raise the inference that defendants will have profited more from the opportunity if the investment was made from another fund controlled by them. Plaintiff also properly alleged that defendants breached their fiduciary duty to the LLC to disclose all material information (Salm v Feldstein, 20 AD3d 469, 470 [2nd Dept 2005]).
Plaintiff's derivative claim for aiding and abetting should have been sustained. Plaintiff sufficiently alleges that the other defendants substantially assisted the primary violators by actively engaging in the diverted opportunity and taking it for themselves (see Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003]). Contrary to defendants' contention, this cause of action is pleaded with the requisite particularity (see Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]).
The court properly dismissed the individual claim for concealment of material information. Defendants' fiduciary duty runs to plaintiff as a member of the LLC, not to allow him to obtain information so that he could take the investment opportunity for himself (see Malone v Brincat, 722 A2d 5, 12 [Del 1998]).
Finally, plaintiff sufficiently pleaded a claim for breach of the covenant of good faith and fair dealing, and was entitled to plead it in the alternative or in addition to the fiduciary duty claim (see Richbell at 303).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK