Shatz v Chertok (2022 NY Slip Op 01755)





Shatz v Chertok


2022 NY Slip Op 01755


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 655620/18 Appeal No. 15520-15520AM-2022-00085 Case No. 2021-00810, 2021-00812 

[*1]Daniel Shatz, Plaintiff-Respondent,
v
Douglas Chertok, et al., Defendants-Appellants.


Douglas M. Chertok, New York, for appellants.
Gibbons P.C., New York (Daniel S. Weinberger of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion for leave to renew a previously denied motion to dismiss the complaint and granted plaintiff's cross motion for costs and sanctions, unanimously affirmed, with costs, and the matter remanded to Supreme Court for a hearing on sanctions, including reasonable attorneys' fees, in connection with this appeal. Order, same court and Justice, entered February 18, 2021, which, to the extent appealed from as limited by the briefs, awarded plaintiff $15,000 in attorneys' fees, unanimously affirmed, with costs.
 The court providently exercised its discretion in denying the motion to renew. Defendants have not come close to establishing new facts not offered on the prior motion or a change in law that would change this Court's prior determination in Shatz v Chertok (180 AD3d 609, 609 [1st Dept 2020]) (see CPLR 2221[e]). Seeking Valhalla, decided shortly after Shatz, did not create new law or provide a clarification of the existing law (Seeking Valhalla Trust v Deane, 182 AD3d 457 [1st Dept 2020], lv denied 36 NY3d 904 [2020]). Rather, Seeking Valhalla applied the existing law set forth in Sullivan v Harnisch (96 AD3d 667 [1st Dept 2012]). Our decision in Shatz specifically rejected the application of Sullivan to the facts of this case on account of the well-articulated allegations of the bad-faith exception (see Richbell Info. Servs v Jupiter Partners, 309 AD2d 288 [1st Dept 2003]). As nothing in Seeking Valhalla would alter that result, the order denying renewal should be affirmed.
Further, "[a]n appellate court's resolution of an issue on a prior appeal constitutes law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose reexamination of [the] question absent a showing of subsequent evidence or change of law" (Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]). There are no nonfrivolous arguments to support defendants' contention that Seeking Valhalla changed the law.
Justice Schecter also properly awarded plaintiff his reasonable costs and attorneys' fees of $15,000 incurred in responding to defendants' frivolous motion. Trial judges are afforded "wide latitude to determine the appropriate sanctions for dilatory and improper attorney conduct," and this Court will "defer to a trial court regarding sanctions determinations unless there is a clear abuse of discretion" (Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). There plainly was no clear abuse of discretion here, as defendants' motion was completely without merit, both procedurally and substantively, and defendants were aware of that fact before they filed it. Defendants long ago exhausted every appropriate avenue for challenging the decision on their motion to dismiss, including an unsuccessful motion in this Court to reargue the [*2]prior appeal or for leave to appeal to the Court of Appeals, and their repeated motions asserting the same recycled arguments are vexatious and frivolous.
The propriety of Supreme Court awarding costs to plaintiff is even more apparent in light of the totality of the circumstances — including the frivolous nature of the motion, the fact that defendants were repeatedly warned not to make the motion, and defendants' prior counsel previously withdrawing the motion upon receiving a threat of sanctions.
We have considered defendants' remaining arguments and find them unavailing. M-2022-00085 — Daniel Shatz v Douglas Chertok et al.
Motion for costs and sanctions, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022