Shatz v Chertok (2023 NY Slip Op 03443)

Shatz v Chertok

2023 NY Slip Op 03443

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 656857/21 Appeal No. 561 & M-2023-00563 Case No. 2022-03228 

[*1]Daniel Shatz, suing individually and derivatively on behalf of Vast Ventures VI LLC, Plaintiff-Respondent,
v
Douglas Chertok et al., Defendants-Appellants.

Douglas M. Chertok, New York, for appellants.
Gibbons P.C., New York (Daniel Seth Weinberger of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered June 30, 2022, which, to the extent appealed from, denied, in part, defendants' motion to dismiss the complaint, unanimously affirmed, with costs, and the appeal from so much of the order as granted plaintiff's request for sanctions against defendant Douglas Chertok, unanimously dismissed for failure to perfect in the proper manner.
Plaintiff and defendant Vast Ventures LLC (defendant Vast) are the only members of Vast Ventures VI LLC (the LLC). Each member has a 50% share of the LLC. Defendant Vast is the managing member. Chertok is the principal and sole member of defendant Vast. In 2018, Chertok attempted to convert the LLC into a Delaware LLC, by filing a certificate of conversion with the Delaware Secretary of State and articles of dissolution with the New York Department of State.
In prior litigation between the parties (see Shatz v Chertok, 180 AD3d 609 [1st Dept 2020] [Shatz I]), we affirmed dismissal of defendants' counterclaim for indemnification and attorneys' fees as barred by section 14.7 of the LLC's operating agreement (Shatz v Chertok, 188 AD3d 431 [1st Dept 2020] [Shatz II], lv denied 37 NY3d 903 [2021]). Defendants then appointed an Officer of Legal Affairs for the LLC and entered into an indemnification agreement between the LLC and defendant Vast, which required the LLC to indemnify defendants and advance their attorneys' fees. The indemnification agreement also prohibited distribution of profits until such indemnification was fully satisfied. Plaintiff sued defendants, alleging that they failed to distribute the LLC's profits, and defendants moved to dismiss.
The court correctly denied defendants' motion to dismiss the first, second, third, fifth, sixth, ninth, tenth, eleventh, and twelfth causes of action (CPLR 3211[a][1], [7]). Defendants failed to establish that the LLC was properly redomesticated in Delaware, because this conversion must be authorized under New York law (see 6 Del Code title 6, §§ 18-214[h], 18-901[a][1]; see e.g. Miller v Ross, 43 AD3d 730, 730 [1st Dept 2007] [applying New York rather than Delaware law to attempted conversion of New York entity to Delaware LLC]). Neither has defendant established that the LLC was properly dissolved in New York (see Limited Liability Company Law § 701[a]).
The indemnification agreement conflicts with section 14.7, which requires each party to bear its own legal costs in disputes among the LLC and its members (see Shatz II, 188 AD3d at 431-432). Because section 14.1 of the operating agreement requires that all members consent to amendment, defendants have not shown that the indemnification agreement was valid (cf. Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d 1006, 1009 [3d Dept 2007] ["a corporation may grant expanded indemnification rights by contract if it is authorized to do so in its certificate of incorporation or bylaws"]).
Defendants' remaining arguments are unavailing. Among other [*2]things: plaintiff's allegation that defendants did not permit him to review the LLC's books and records are not "unequivocally contradicted" by defendants' submission of emails without their attachments (Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]); section 4.2(d) of the operating agreement, read in its entirety, does not apply to profit distributions; plaintiff's equity investment is valid consideration, regardless of whether the managing member was compensated; plaintiff properly pleaded a direct claim for breach of fiduciary duty (see Poloik v Poloik, 115 AD3d 428, 429-430 [1st Dept 2014]; see also Shatz I, 180 AD3d at 611 ["Defendants' fiduciary duty runs to plaintiff as a member of the LLC"]); and defendants have not established that plaintiff's direct claims are indistinguishable from his derivative claims.
Defendants' appeal from the branch of the order granting plaintiff's request for sanctions is dismissed for failure to assemble a proper appellate record (see CPLR 5526; UBS Sec. LLC v Red Zone LLC, 77 AD3d 575, 579 [1st Dept 2010], lv denied 17 NY3d 706 [2011]). The award of sanctions was based on purportedly frivolous arguments made by defendants in support their motion to dismiss, but the record on appeal contains no documents reflecting those arguments, such as the parties' memoranda of law or the transcript of oral argument, preventing meaningful review of the court's decision to impose sanctions.
 M-2023-00563 — Daniel Shatz etc. v Douglas Chertok et al.
Motion for sanctions, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023