Matter of Verdugo v Smiley & Smiley LLP (2024 NY Slip Op 00986)

Matter of Verdugo v Smiley & Smiley LLP

2024 NY Slip Op 00986

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 500137/09 Appeal No. 1744 Case No. 2022-03119 

[*1]In the Matter of Jose Verdugo, etc., Plaintiff,
v
Smiley & Smiley LLP et al., Defendants.
Anthony J. Lamberti. etc., et al., Nonparty Appellants,
v
Lissett C. Ferreira etc., Nonparty Respondent.

Armstrong & Lamberti, PLLC, Staten Island (Anthony J. Lamberti of counsel), for appellants.
Meenan & Associates, LLC, New York (Lissett C. Ferreira of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Carol Sharpe, J.), entered on or about July 6, 2022, which disqualified nonparty attorneys Armstrong & Lamberti, PPLC and Anthony J. Lamberti, Esq. (collectively, appellant) from representing Jose Verdugo, an incapacitated person, and directed them to cease any form of representation and not to interfere with the court appointees carrying out their duties, unanimously dismissed, without costs.
On the record on March 21, 2022, Supreme Court declined to recognize appellant as counsel for the incapacitated person, noting that the court had already appointed counsel for Mr. Verdugo. The order on appeal, dated July 6, 2022, constituted the written form of the court's March 21 oral ruling. Appellant challenges that ruling. However, the record does not include any documents submitted by appellant to the court before March 21, 2022. Accordingly, it is impossible to determine what the court considered in making its ruling. Indeed, only a handful of documents in the record predate March 21 2022, and it is not clear whether any of them was before the court when it reached its determination. Moreover, it is impossible to determine from the appellate record whether Mr. Verdugo ever hired appellant, since the record does not contain a Notice of Appearance, a retainer agreement or other documentation showing that he did so. We may not consider the documents in the record that are dated after the court's ruling on appeal. Accordingly, the record is inadequate to permit meaningful review of the court's ruling (see Shatz v Chertok, 217 AD3d 614, 615-616 [1st Dept 2023]; Allstate Ins. Co. v Vargas, 288 AD2d 309, 310 [2nd Dept 2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024