Greenman v Miller (2026 NY Slip Op 00054)

Greenman v Miller

2026 NY Slip Op 00054

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 650304/17|Appeal No. 5528-5529|Case No. 2024-03119 2024-03244|

[*1]Jane Greenman etc., et al., Plaintiffs-Respondents,
vLarry Miller, et al., Defendants-Appellants. 

Kudman Trachten Aloe Posner LLP. New York (Paul H. Aloe of counsel), for appellants.
Amini LLC, New York (Charles Wollman of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered April 10, 2024, to the extent appealed from as limited by the briefs, awarding, after a bench trial, to plaintiff Jane Greenman on behalf of Millman LLC the sum of $5,883,074.94, and to Greenman individually the sum of $1,908,169.78, both as against defendant Larry Miller, and judgment, same court, Justice, also entered April 10, 2024, awarding plaintiff Jane Greenman attorneys' fees and costs against Millman LLC in the amount of $2,120,968.54 and against defendant 392 Columbus Avenue LLC in the amount of $154,238.33, unanimously affirmed, with costs.
The court's determination that Miller breached his fiduciary duties to Millman and Greenman was based on a fair interpretation of the evidence (see Wolf v Rand, 258 AD2d 401, 402 [1st Dept 1999]). The transactions between Miller and certain of Millman's borrowers, and Miller's comments following the death of Charles Greenman, indicate that Miller was attempting to close down Millman and transfer its business to himself or entities owned by him for his own benefit (see Shatz v Chertok, 180 AD3d 609 [1st Dept 2020]). Since Millman had an expectancy of receiving interest from its outstanding loans, the evidence showed that by providing borrowers with loans to pay off Millman and transfer the loans to himself, Miller usurped a corporate opportunity. The damages award was properly based only on Millman's lost profits from loans that were outstanding and diverted by Miller, not on future loans.
The court correctly concluded that Miller was not entitled to indemnification under the Millman operating agreement because he breached his fiduciary duty to it and acted in his own self-interest, which conduct was specifically exempted from indemnification by paragraph 6.6 of the operating agreement. Moreover, because "it appears that [Miller] has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction, which he is required to explain" (Foley v D'Agostino, 21 AD2d 60, 67 [1st Dept 1964]). The court properly determined that Miller presented no evidence as to what portion of the litigation expenses he billed to Millman were attributable to that entity.
The court correctly found that Greenman was entitled to 50% of the distributions from 392 Columbus Avenue LLC based on the February 29, 2012 amendment to the 392 Columbus LLC Operating Agreement because the amendment was executed "as of August 28, 1998" and was, therefore, by its terms, retroactive to that date.
Finally, the court providently exercised its discretion in its award of attorneys' fees and costs in that the application was supported by substantial evidence consisting of detailed time and expense records and invoices (see AC 31, LLC v Fawer, 232 AD3d 454, 455 [1st Dept 2024]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026